UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. AGENCY FOR GLOBAL MEDIA,<br><br>*Defendant.* | Civil Action No. 20-3499 (TJK) |

## JOINT STATUS REPORT

Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report pursuant to the Court's Order dated January 14, 2021.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.SC § 552, lawsuit on December 1, 2020. This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM. *See* Compl. at ¶ 2.

The Parties conferred in advance of this Status Report, but were not able to reach a consensus about a proposed schedule for further proceedings. Accordingly, the Parties submit separate sections below.

### Defendant's Position

USAGM assigned tracking number 21-003 to the instant FOIA request. USAGM anticipates completing all searches for potentially responsive records by February 1, 2021. USAGM anticipates making a first release of non-exempt information by February 8, 2021.

USAGM will thereafter provide Plaintiffs with a monthly release at a processing rate of 500 pages per month.

As Plaintiff notes, this processing rate could result in a long processing timeline for these records. But that is a function of Plaintiff's broad FOIA request; 500 pages per month is a common processing rate for FOIA cases in this District. *See, e.g.,* Min. Order, *Martinez v. Dep't of Justice, et al.*, No. 20-cv-0251 (RDM) (June 5, 2020) (ordering 500 page per month processing rate); Min. Order, *Reporters Comm. for Freedom of the Press v. CBP,* No. 19-cv-2401 (CRC) (Apr. 3, 2020) (ordering 500 page per month processing rate); Min. Order, *S. Utah Wilderness Alliance v. Dep't of Interior*, No. 19-cv-2203 (TNM) (Nov. 25, 2019) (ordering 500 page per month processing rate); Min. Order, *Ctr. For Reproductive Rights v. Dep't of State,* No. 18-cv-2217 (DLF) (Apr. 3, 2019) (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); Min. Order, *Ctr. For Bio. Diversity v. Dep't of Interior*, No. 17-cv-1595 (RC) (July 23, 2019) (ordering 500 page per month processing rate).

USAGM indicates that FOIA Request 21-003 is the FOIA's Office first priority. However, USAGM is facing staffing constraints with respect to the processing of all FOIA requests. Plaintiff is requesting that this Court order Defendant to process 1,000 pages per week (approximately 4,000 pages per month), which is far above any processing rate ordered in any of the cases cited by both Plaintiff and Defendant. Given the agency's current staffing constraints and the USAGM's other pending FOIA requests, USAGM respectfully requests that the Court order a processing no higher than 500 pages a month. The Agency has ½ of an attorney and 1 paralegal dedicated to FOIA due to recent attrition and did not possess the authority to back-fill positions. The single FOIA processing attorney is also the Agency's ethics and privacy attorney. The Agency's overall Office of General Counsel is currently down from 12 full-time attorneys to 5 full-time

employees.  USAGM currently has 75 FOIA requests pending.  In the first quarter of FY2021 (October 1, 2020 – December 31, 2020), the Agency received 32 FOIA requests, putting it on track to receive more than twice the amount of requests it typically receives annually.

USAGM does not currently anticipate filing a motion pursuant to *Open America*.  As USAGM is currently conducting its final search for responsive records, it is too early to determine whether a *Vaughn* Index or a briefing schedule will be needed.  USAGM respectfully proposes filing a joint status report on or before February 26, 2021, to update the Court on the completion of its search and its first release of non-exempt information to Plaintiffs.

Therefore, USAGM proposes the following schedule for this case:

- USAGM shall complete its search for responsive records by February 1, 2021;

- USAGM shall make a first release of non-exempt information by February 8, 2021;

- Following USAGM's first release, USAGM shall continue monthly releases at a 500 pages processing rate; with further Joint Status Reports being due every 60 days thereafter.

**Plaintiffs' Position**

*One hundred and eleven days* have elapsed since Plaintiffs submitted their FOIA request to Defendant, yet Defendant has not responded to Plaintiffs' request, provided a single responsive record, or even stated how many pages of responsive records exist.  Defendant, admitting that it has not completed its search for responsive records and will not do so until at least February 1, 2021, now proposes a leisurely and vague case schedule that continues to disregard the importance placed by Congress on timely disclosure under FOIA, as evidenced by the Act's unequivocal requirement that agencies respond to requests within 20 business days, or in "unusual circumstances," 30 business days.  5 U.S.C. § 552(a)(6)(A)(i), (a)(6)(B)(i).

Defendant states, without committing, that it "anticipates completing all searches for potentially responsive records by February 1, 2021" and "anticipates making a first release on non-exempt information by February 8, 2021" – 125 days after receiving Plaintiffs' FOIA request – and that it "will thereafter provide Plaintiffs with a monthly release at a processing rate of 500 pages per month."  But reading between the lines, and belying Defendant's statement that it has made Plaintiffs' request "the FOIA Office's first priority," Defendant's proffered schedule means that it could far into 2021, or even 2022, before Plaintiffs receive the completed production of the requested records – records that relate to matters about which the public needs to be informed *sooner, not later*.  For example, if Defendant includes in the production a copy of its administrative manual – a document of approximately 2,300 pages that can be found on the internet – that alone could occupy five months of processing time under Defendant's open-ended schedule.[1]  Contrary to Defendant's assertion, this District regularly orders processing rates at greater than 500 pages per month.  *See, e.g.*, *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering 2,850 page per month processing rate); Order, *Schulte v. Dep't of Health and Human Servs.*, No.1:14-cv-887-JDB (D.D.C. Mar. 23, 2015) (ordering 1,000 page per month processing rate for three months, and subsequently ordering 1,500 page per month processing rate for two months); Order, *Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, No. 1:12-cv-00333-GK (D.D.C. Oct. 16, 2012) (ordering 2,000 page per month processing rate).

Defendant's proposed schedule is particularly unsatisfactory given Congress' and courts' view that expedited processing of records is warranted in cases of "compelling need," such as here, where the request is "made by a person primarily engaged in disseminating information,"

---

[1] Broadcasting Board of Governors Administrative Manual (2017), https://www.governmentattic.org/24docs/BBG-BAM_2017.pdf.  In 2018, the Broadcasting Board of Governors changed its name to the United States Agency for Global Media.

and where there is "urgency to inform the public concerning actual or alleged federal government activity." *Id.* § 552(a)(6)(E)(i)(I), (a)(6)(E)(v)(II); *see also Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 259 (D.D.C. 2005) (granting expedited processing where plaintiff, who disseminated information regarding civil rights and voting rights, requested records that could advance the contemporaneous debate over the Voting Rights Act two years prior to the expiration of the Act's special provisions).

The Intercept is an award-winning non-profit news organization dedicated to holding the powerful accountable through investigative journalism. Well over *three months* ago, The Intercept and its investigative journalist, Lee Fang, submitted a FOIA request seeking the expedited disclosure of records related to USAGM's then-recent termination or suspension of a number of foreign journalists employed at VOA. The requested records bear on issues of crucial public significance – the purge from VOA, and expulsion from the United States, of numerous foreign journalists employed by USAGM and/or VOA, and the role of those actions in the assault by the White House and then-USAGM CEO Michael Pack on the independence of VOA and its sister broadcast networks. Plaintiffs' request seeks documents that may reveal whether, as many believe, the supposed national security concerns on which then-CEO Pack relied to justify the purge were, in fact, a pretextual cover for a White House directive to politicize VOA and its sister networks and transform them, in violation of their statutory duty of objectivity, into U.S propaganda outlets. The records released in this litigation will be used by Plaintiffs in their ongoing series of investigative reports on questionable actions by USAGM and VOA,[2] and will

---

[2] *See, e.g.*, Alex Emmons, *Trump Appointee to VOA Reporters: Criticizing Trump is a Conflict of Interest*, The Intercept (Oct. 5, 2020), https://theintercept.com/2020/10/05/voa-reporters-conflict-of-interest-memo; Lee Fang, *VOA Persian Awarded Journalism Contract to Controversial Former Trump Campaign Operative*, The Intercept (Jan. 7, 2020), https://theintercept.com/2020/01/07/voa-persian-iran-trump-conflict-of-interest.

enhance the public's understanding of the threat that these actions posed to the nation's free, open, and objective media. Timely publication is essential to that purpose.

Defendant's excuses for its failure to yet have responded to Plaintiffs' request, and for its endless proposed production schedule, ring hollow. Contrary to Defendant's characterization ("Plaintiffs' broad FOIA request"), Plaintiffs' request in fact is narrowly focused on the hiring and firing of foreign journalists, and asserted national security concerns justifying those actions, and is limited to the period of January 1, 2018 forward. Further, Defendant's asserted "staffing constraints" are of its own making. The fact that it has chosen not to hire or assign adequate personnel to fulfill its FOIA responsibilities does not – and cannot – justify noncompliance with its statutory duty to timely respond to Plaintiffs' FOIA request. Nor can Defendant blame its failure to have adequate staffing on limited agency resources, when USAGM is reported to have spent $4 million in a recent 5-month period, "apparently in contradiction to federal contracting regulations and guidelines," on private lawyers hired to investigate five targeted USAGM employees as part of then-CEO Pack's purge of the agency, VOA, and its sister networks.[3] It would be ironic, indeed, to tolerate delayed production of the requested records *about the purge* based on the fact that the agency wasted millions of taxpayer dollars on unseemly investigations *in support of the purge*. Acceptance of Defendant's staffing constraint rationale, and proposed open-ended timeline, would inspire similar treatment of FOIA requests by USAGM and other agencies, in derogation of FOIA's imperative for timely release of agency records and the public's right to know.

Therefore, Plaintiffs propose the following schedule for this case:

---

[3] Paul Farhi, *Former Voice of America Overseer Hired Two Law Firms to $4 Million No-Bid Contracts*, Wash. Post (Jan. 25, 2021), https://www.washingtonpost.com/lifestyle/media/former-head-of-voice-of-americas-parent-hired-two-law-firms-to-no-bid-contracts-price-tag-4-million/2021/01/25/87a35e7a-5d0c-11eb-a976-bad6431e03e2_story.html.

4822-6479-4329v.1 0201771-000001

- Defendant will complete all searches for potentially responsive records by February 1, 2021.

- Defendant will provide Plaintiffs with the first 1,000 pages of releasable responsive records on or before February 8, 2021, and thereafter will provide releasable responsive records at the rate of no less than 1,000 pages per week until all releasable responsive records have been disclosed, with final production to be made no later than March 8, 2021.

- Defendant will produce a *Vaughn* index, justifying any withholdings and redactions, and an affidavit describing the search conducted for responsive records, concurrently with their final production of responsive records.

- Summary judgment motions, if any, will be filed as follows:

    o Defendant's motion for summary judgment to be filed within 20 calendar days after its final production of responsive records.

    o Plaintiffs' opposition, and cross-motion for summary judgment, will be filed within 20 calendar days thereafter.

    o Defendant's reply and opposition will be filed within 20 calendar days thereafter.

    o Plaintiffs' reply will be filed within 10 calendar days thereafter.

- The parties will file their next Joint Status Report on or before March 15, 2021.

Respectfully submitted,

| | |
|---|---|
| /s/ *Burt Braverman* | MICHAEL R. SHERWIN |
| Burt Braverman, DC Bar # 178376 | Acting United States Attorney |
| DAVIS WRIGHT TREMAINE LLP | |
| 1301 K Street, NW | BRIAN P. HUDAK |
| Suite 500 East | Acting Chief, Civil Division |
| Washington, D.C. 20005 | |
| (202) 973-4200 | By: */s/ Kathleene Molen* |
| burtbraverman@dwt.com | KATHLEENE MOLEN |
| | Assistant United States Attorney |
| *Counsel for Plaintiffs* | 555 4th Street, N.W. |
| | Washington, District of Columbia 20530 |
| | (202) 803-1572 |
| | Kathleene.molen@usdoj.gov |
| | |
| | *Counsel for Defendant* |

Dated: January 26, 2021

4822-6479-4329v.1 0201771-000001