UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. AGENCY FOR GLOBAL MEDIA,<br><br>*Defendant*. | Civil Action No. 20-3499 (TJK) |

**JOINT STATUS REPORT**

Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report pursuant to the Court's Minute Order dated April 12, 2021.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, lawsuit on December 1, 2020. This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM. *See* Compl. at ¶ 2.

On February 1, 2021, USAGM completed its searches. It has located a total of approximately 5,000 pages of potentially responsive PDF records and an additional 9 GB of additional potentially responsive records to review.

On April 8, 2021, USAGM released to Plaintiffs its third production of non-exempt information. USAGM anticipates making its next release on May 8, 2021, and will continue providing Plaintiffs with a monthly release at a processing rate of 500 pages per month until completion. USAGM has agreed to prioritize production of (1) records authored by or addressed to former USAGM CEO Michael Pack and former USAGM CEO Chief of Staff Emily Newman,

identified by name, email address, or other identifier; and (2) records authored by or addressed to the Office of the CEO, identified by name, email address, or other identifier. The parties have continued to meet and confer to discuss the possibility of narrowing the scope of the universe of potentially responsive records associated with Plaintiffs' request. In the March 24 and April 19 conference, USAGM offered to prioritize processing of records from other USAGM record custodians and offices that Plaintiffs may identify, utilizing search terms provided by Plaintiffs. On April 20, 2021, Plaintiffs provided search terms for 10 custodians, reserving the right to request searches on an additional 4 custodians and to supplement the list of provided search terms for all custodians. USAGM conducted searches based on the information provided by Plaintiffs. USAGM will continue to prioritize the records of Emily Newman and will then process the records according to Plaintiff's prioritization.

**Defendant's Statement:** Defendant has been processing Plaintiffs' request at a reasonable processing rate of 500 pages a month.[1] Below, Plaintiffs renew their request for a higher processing rate. The agency has many FOIA requests that it must simultaneously address, and, although every requester understandably wants its request to be given priority over others' requests, principles of fairness, as well as precedent, require the agency to strike a reasonable balance among FOIA requesters, even as its staff also dedicates its energies to the rest of its work

---

[1] As Plaintiffs note, this processing rate could result in a long processing timeline for these records. But that is a function of Plaintiffs' broad FOIA request; 500 pages per month is a common processing rate for FOIA cases in this District. *See, e.g.,* Min. Order, *Martinez v. Dep't of Justice, et al.*, No. 20-cv-0251 (RDM) (June 5, 2020) (ordering 500 page per month processing rate); Min. Order, *Reporters Comm. for Freedom of the Press v. CBP,* No. 19-cv-2401 (CRC) (Apr. 3, 2020) (ordering 500 page per month processing rate); Min. Order, *S. Utah Wilderness Alliance v. Dep't of Interior*, No. 19-cv-2203 (TNM) (Nov. 25, 2019) (ordering 500 page per month processing rate); Min. Order, *Ctr. For Reproductive Rights v. Dep't of State,* No. 18-cv-2217 (DLF) (Apr. 3, 2019) (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); Min. Order, *Ctr. For Bio. Diversity v. Dep't of Interior*, No. 17-cv-1595 (RC) (July 23, 2019) (ordering 500 page per month processing rate).

in order to fulfill the agency's core mission. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 615-16 (D.C. Cir. 1976) (agency should process FOIA requests "on an equal and fair basis"). USAGM – a comparatively small agency – has a relatively lean staff, which limits its ability to enhance the processing speed for any given FOIA response.

USAGM currently has 89 FOIA requests pending. In the first quarter of FY2021 (October 1, 2020 – December 31, 2020) and thus far in the second quarter of FY2021 (January 1, 2021 – March 31, 2021), the Agency already has received 65 FOIA requests, putting it on track to receive more than twice the amount of requests it typically receives annually. Accordingly, USAGM cannot reasonably process responsive records for this individual FOIA matter at a rate higher than 500 pages a month. USAGM anticipates making its fourth release to Plaintiff on May 8, 2021, and will continue providing Plaintiffs with a monthly release at a processing rate of 500 pages per month until completion.

**Plaintiffs' Statement and Proposed Schedule:** Plaintiffs continue to object to the pace at which Defendant is producing responsive records – at the rate of only 500 pages per month – especially now that the parties have agreed that Defendant will, in the next sets of productions, review and produce a much-narrowed set of documents, the searches for which are already complete. Although Defendant has informed Plaintiffs that the USAGM attorney principally responsible for responding to FOIA requests will be leaving the agency at the end of April, and another USAGM attorney has departed, that cannot be accepted as justification for USAGM's relaxed pace of reviewing responsive records and the resulting delay in Plaintiffs' and the public's timely access to the requested records. Nor can Defendant justify its slow processing of potentially responsive records by noting the number of other FOIA requests it has pending. Defendant fails to note that Plaintiffs' request is among the oldest (if not the oldest) of its outstanding requests.

Further, the fact that USAGM has a backlog of requests does not excuse its failure to comply with its statutory duties under FOIA. *See Urb. Air Initiative, Inc. v. Env't Prot. Agency*, 442 F. Supp. 3d 301, 319 (D.D.C. 2020) ("[A]dministrative delay and FOIA backlog do not form a 'reasonable basis in law' for withholding documents, because 'this purpose would not be served if it were reasonable for agencies to withhold documents for indeterminant periods of time because they have too many FOIA requests and too few FOIA staff members.'") (quoting *Reyes v. U.S. Nat'l Archives & Records Admin.*, 356 F. Supp. 3d 155, 167-168 (D.D.C. 2018)).

Finally, contrary to Defendant's assertion, this District regularly orders processing rates at greater than 500 pages per month. *See, e.g.*, *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering 2,850 page per month processing rate); Order, *Schulte v. Dep't of Health and Human Servs.*, No. 1:14-cv-887-JDB (D.D.C. Mar. 23, 2015) (ordering 1,000 page per month processing rate for three months, and subsequently ordering 1,500 page per month processing rate for two months); *Elec. Privacy Info. Center v. U.S. Dept. of Homeland Secur.*, 218 F. Supp. 3d 27, 37 (D.D.C. 2016) (rejecting government's proposal to take 16 months to review 9,200 pages of responsive records (i.e., 575 pages per month), and ordering agency to process records at the rate of 2,000 pages per month, although subsequently reducing the rate to reviewing 1,500 pages per month). For these reasons, Plaintiffs renew their request that the Court order USAGM to significantly increase its rate of processing and producing responsive records.

**Joint Proposed Schedule:** Subject to any modification of the current schedule regarding

rate of production, the parties respectfully propose filing a joint status report on or before May 28, 2021, to update the Court on the processing of records responsive to Plaintiffs' request.

Respectfully submitted,

| | |
|---|---|
| /s/ Burt Braverman | CHANNING D. PHILLIPS |
| Burt Braverman, DC Bar # 178376 | D.C. Bar # 415793 |
| Meenakshi Krishnan, DC Bar # 1617229 | Acting United States Attorney |
| DAVIS WRIGHT TREMAINE LLP | |
| 1301 K Street, NW | BRIAN P. HUDAK |
| Suite 500 East | Acting Chief, Civil Division |
| Washington, D.C. 20005 | |
| (202) 973-4200 | By: /s/ Kathleene Molen |
| burtbraverman@dwt.com | KATHLEENE MOLEN |
| meenakshikrishnan@dwt.com | Assistant United States Attorney |
| | 555 4th Street, N.W. |
| *Counsel for Plaintiffs* | Washington, D.C. 20530 |
| | (202) 803-1572 |
| | Kathleene.molen@usdoj.gov |
| | *Counsel for Defendant* |
| Dated: April 30, 2021 | |