UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. AGENCY FOR GLOBAL MEDIA, <br><br> *Defendant*. | Civil Action No. 20-3499 (TJK) |

## **JOINT STATUS REPORT**

Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report pursuant to the Court's Minute Order dated May 3, 2021.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, lawsuit on December 1, 2020.  This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM.  *See* Compl. at ¶ 2.

On February 1, 2021, USAGM completed its searches.  It has located a total of approximately 5,000 pages of potentially responsive PDF records and an additional 9 GB of additional potentially responsive records to review.

On May 10, 2021, USAGM released to Plaintiffs its fourth production of non-exempt information.  USAGM anticipates making its next release on June 10, 2021, and will continue providing Plaintiffs with a monthly release at a processing rate of 500 pages per month until completion.  USAGM has agreed to prioritize production of (1) records authored by or addressed to former USAGM CEO Michael Pack and former USAGM CEO Chief of Staff Emily Newman,

identified by name, email address, or other identifier; and (2) records authored by or addressed to

the Office of the CEO, identified by name, email address, or other identifier.  The parties have

continued to meet and confer to discuss the possibility of narrowing the scope of the universe of

potentially responsive records associated with Plaintiffs' request.  In the March 24 and April 19

conference, USAGM offered to prioritize processing of records from other USAGM record

custodians and offices that Plaintiffs may identify, utilizing search terms provided by Plaintiffs.

On April 20, 2021, Plaintiffs provided search terms for 10 custodians, reserving the right to request

searches on an additional 4 custodians and to supplement the list of provided search terms for all

custodians.  USAGM conducted searches based on the information provided by Plaintiffs.

USAGM will continue to prioritize the records of Emily Newman and will then process the records

according to Plaintiff's prioritization.  The parties are in agreement that USAGM will process the

records of Andre Mendes upon completion of the processing of Emily Newman's records.


**Defendant's Statement:**  Defendant has been processing Plaintiffs' request at a reasonable

processing rate of 500 pages a month.[1]  Below, Plaintiffs renew their request for a higher

processing rate.  The agency has many FOIA requests that it must simultaneously address, and,

although every requester understandably wants its request to be given priority over others'

---

[1]     As Plaintiffs note, this processing rate could result in a long processing timeline for these
records.  But that is a function of Plaintiffs' broad FOIA request; 500 pages per month is a common
processing rate for FOIA cases in this District. *See, e.g.,* Min. Order, *Martinez v. Dep't of Justice,
et al.*, No. 20-cv-0251 (RDM) (June 5, 2020) (ordering 500 page per month processing rate); Min.
Order, *Reporters Comm. for Freedom of the Press v. CBP,* No. 19-cv-2401 (CRC) (Apr. 3, 2020)
(ordering 500 page per month processing rate); Min. Order, *S. Utah Wilderness Alliance v. Dep't
of Interior*, No. 19-cv-2203 (TNM) (Nov. 25, 2019) (ordering 500 page per month processing rate);
Min. Order, *Ctr. For Reproductive Rights v. Dep't of State,* No. 18-cv-2217 (DLF) (Apr. 3, 2019)
(denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per
month processing rate); Min. Order, *Ctr. For Bio. Diversity v. Dep't of Interior*, No. 17-cv-1595
(RC) (July 23, 2019) (ordering 500 page per month processing rate).

requests, principles of fairness, as well as precedent, require the agency to strike a reasonable balance among FOIA requesters, even as its staff also dedicates its energies to the rest of its work in order to fulfill the agency's core mission.  *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 615-16 (D.C. Cir. 1976) (agency should process FOIA requests "on an equal and fair basis").  USAGM – a comparatively small agency – has a relatively lean staff, which limits its ability to enhance the processing speed for any given FOIA response.

USAGM currently has 106 FOIA requests pending.  From October 1, 2020 to 28 May 2021, the Agency received 88 FOIA requests, putting it on track to receive more than twice the amount of requests it typically receives annually.  Accordingly, USAGM cannot reasonably process responsive records for this individual FOIA matter at a rate higher than 500 pages a month.  USAGM anticipates making its fifth release to Plaintiff on June 10, 2021, and will continue providing Plaintiffs with a monthly release at a processing rate of 500 pages per month until completion.

**Plaintiff's Statement and Proposed Schedule:** Plaintiffs renew their objection to the pace at which Defendant is producing responsive records – at the rate of only 500 pages per month – especially now that the parties have agreed that Defendant will, in the next sets of productions, review and produce a much-narrowed set of documents, the searches for which are already complete.  Although Defendant has informed Plaintiffs that USAGM, due to attrition, is facing staffing constraints in processing FOIA requests, that rationale cannot justify USAGM's relaxed pace of reviewing responsive records and the resulting delay in Plaintiffs' and the public's timely access to the requested records as USAGM has had nearly 7 months since this action was initiated to hire replacement personnel.  Nor can Defendant justify its slow processing of potentially

responsive records by noting the number of other FOIA requests it has pending.  The number of requests pending at USAGM is relatively small compared to other federal agencies, and Plaintiffs' request is among the oldest (if not the oldest) of USAGM's outstanding requests.  Further, the fact that USAGM has a backlog of requests does not excuse its failure to comply with its statutory duties under FOIA.  *See Urb. Air Initiative, Inc. v. Env't Prot. Agency*, 442 F. Supp. 3d 301, 319 (D.D.C. 2020) ("[A]dministrative delay and FOIA backlog do not form a 'reasonable basis in law' for withholding documents, because '[the Act's disclosure] purpose would not be served if it were reasonable for agencies to withhold documents for indeterminant periods of time because they have too many FOIA requests and too few FOIA staff members.'") (quoting *Reyes v. U.S.  Nat'l Archives & Records Admin.*, 356 F. Supp. 3d 155, 167-168 (D.D.C. 2018)).

Finally, this District regularly orders processing rates at greater than 500 pages per month.  *See, e.g.*, *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering 2,850 page per month processing rate); Order, *Schulte v. Dep't of Health and Human Servs.*, No. 1:14-cv-887-JDB (D.D.C. Mar. 23, 2015) (ordering 1,000 page per month processing rate for three months, and subsequently ordering 1,500 page per month processing rate for two months); *Elec. Privacy Info. Center v. U.S. Dept. of Homeland Secur.*, 218 F. Supp. 3d 27, 37 (D.D.C. 2016) (rejecting government's proposal to take 16 months to review 9,200 pages of responsive records (i.e., 575 pages per month), and ordering agency to process records at the rate of 2,000 pages per month, although subsequently reducing the rate to reviewing 1,500 pages per month).

For these reasons, Plaintiffs continue to believe that USAGM can and should process records at a higher rate, and should be ordered to commit to a prompt date-certain completion of processing, particularly given that the materials sought here are for the purposes of an investigation into the agency's apparently-targeted adverse treatment of foreign journalists, based on what the

journalists have asserted is national-origin discrimination.  *See Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 74 (D.D.C. 2006) (noting that under FOIA, "stale information is of little value") (citation omitted).  Accordingly, Plaintiffs renew their request that the Court order USAGM to significantly increase its rate of processing and producing responsive records, and commit to a prompt date-certain completion of processing of potentially responsive records.

**Joint Proposed Schedule:** Subject to any modification of the current schedule regarding rate of production, the parties respectfully propose filing a joint status report on or before June 30, 2021, to update the Court on the processing of records responsive to Plaintiffs' request.

Respectfully submitted,

  */s/ Burt Braverman*
Burt Braverman, DC Bar # 178376
Meenakshi Krishnan, DC Bar # 1617229
DAVIS WRIGHT TREMAINE LLP
1301 K Street, NW
Suite 500 East
Washington, D.C. 20005
(202) 973-4200
burtbraverman@dwt.com
meenakshikrishnan@dwt.com

*Counsel for Plaintiffs*

Dated: June 1, 2021

CHANNING D. PHILLIPS
D.C. Bar # 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ Kathleene Molen*
KATHLEENE MOLEN
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 803-1572
Kathleene.molen@usdoj.gov

*Counsel for Defendant*