UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. AGENCY FOR GLOBAL MEDIA,<br><br>*Defendant*. | Civil Action No. 20-3499 (TJK) |

**JOINT STATUS REPORT**

Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report pursuant to the Court's Minute Order dated June 7, 2021.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, lawsuit on December 1, 2020. This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM. *See* Compl. at ¶ 2.

On February 1, 2021, USAGM completed its searches. It has located a total of approximately 5,000 pages of potentially responsive PDF records and an additional 9 GB of additional potentially responsive records to review.

On June 10, 2021, USAGM released to Plaintiffs its fifth production of non-exempt information. USAGM anticipates making its next release on July 10, 2021, and will continue providing Plaintiffs with a monthly release at a processing rate of 500 pages per month until completion. USAGM has agreed to prioritize production of (1) records authored by or addressed to former USAGM CEO Michael Pack and former USAGM CEO Chief of Staff Emily Newman,

identified by name, email address, or other identifier; and (2) records authored by or addressed to the Office of the CEO, identified by name, email address, or other identifier. The parties have continued to meet and confer to discuss the possibility of narrowing the scope of the universe of potentially responsive records associated with Plaintiffs' request. In the March 24 and April 19 conference, USAGM offered to prioritize processing of records from other USAGM record custodians and offices that Plaintiffs may identify, utilizing search terms provided by Plaintiffs. On April 20, 2021, Plaintiffs provided search terms for 10 custodians, reserving the right to request searches on an additional 4 custodians and to supplement the list of provided search terms for all custodians. On June 2, 2021, Plaintiffs requested that an additional custodian be included, Michael Williams. USAGM conducted searches based on the information provided by Plaintiffs. USAGM has completed processing the records of Mr. Pack and Ms. Newman. Pursuant to Plaintiffs' prioritization, USAGM is currently processing the records of Andre Mendes. The parties are in agreement that USAGM will process the records of Michael Williams upon completion of the processing of Andre Mendes' records.

**Defendant's Statement:** Defendant has been processing Plaintiffs' request at a reasonable processing rate of 500 pages a month.[1]  Below, Plaintiffs renew their request for a higher

---

[1]  As Plaintiffs note, this processing rate could result in a long processing timeline for these records. But that is a function of Plaintiffs' broad FOIA request; 500 pages per month is a common processing rate for FOIA cases in this District. *See, e.g.,* Min. Order, *Martinez v. Dep't of Justice, et al.*, No. 20-cv-0251 (RDM) (June 5, 2020) (ordering 500 page per month processing rate); Min. Order, *Reporters Comm. for Freedom of the Press v. CBP,* No. 19-cv-2401 (CRC) (Apr. 3, 2020) (ordering 500 page per month processing rate); Min. Order, *S. Utah Wilderness Alliance v. Dep't of Interior*, No. 19-cv-2203 (TNM) (Nov. 25, 2019) (ordering 500 page per month processing rate); Min. Order, *Ctr. For Reproductive Rights v. Dep't of State,* No. 18-cv-2217 (DLF) (Apr. 3, 2019) (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); Min. Order, *Ctr. For Bio. Diversity v. Dep't of Interior*, No. 17-cv-1595 (RC) (July 23, 2019) (ordering 500 page per month processing rate).

processing rate. The agency has many FOIA requests that it must simultaneously address, and, although every requester understandably wants its request to be given priority over others' requests, principles of fairness, as well as precedent, require the agency to strike a reasonable balance among FOIA requesters, even as its staff also dedicates its energies to the rest of its work in order to fulfill the agency's core mission. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 615-16 (D.C. Cir. 1976) (agency should process FOIA requests "on an equal and fair basis"). USAGM – a comparatively small agency – has a relatively lean staff, which limits its ability to enhance the processing speed for any given FOIA response.

USAGM currently has 95 FOIA requests pending. From October 1, 2020 to June 30 2021, the Agency received 90 FOIA requests, putting it on track to receive more than twice the amount of requests it typically receives annually. Accordingly, USAGM cannot reasonably process responsive records for this individual FOIA matter at a rate higher than 500 pages a month. USAGM anticipates making its sixth release to Plaintiff on July 10, 2021, and will continue providing Plaintiffs with a monthly release at a processing rate of 500 pages per month until completion.

**Plaintiff's Statement:** Plaintiffs renew their objection to the pace at which Defendant is producing responsive records – at the rate of only 500 pages per month – especially now that the parties have agreed that Defendant will, in the next sets of productions, review and produce a much-narrowed set of documents, the searches for which are already complete.

Defendant has asserted that, due to attrition, it faces staffing constraints in processing a higher-than-normal rate of FOIA requests. But these factors do not justify USAGM delaying Plaintiffs' and the public's timely access to the requested records. USAGM has had nearly 7

months since this action was initiated to hire replacement personnel, yet it appears that the agency has failed to take the administrative actions needed to enable it to meet its obligations under FOIA. Indeed, on June 28, 2021, Defendant's agency counsel acknowledged that USAGM has yet to post a job opening for a replacement FOIA attorney, and that he is unaware of when a FOIA attorney opening will be posted, despite the fact that for months, Defendant has cited its growing FOIA backlog and shrinking staff as justification for its painfully slow processing rate.  Bureaucratic delays such as these simply do not excuse USAGM's failure to comply with its statutory duties under FOIA.  *See Urb. Air Initiative, Inc. v. Env't Prot. Agency*, 442 F. Supp. 3d 301, 319 (D.D.C. 2020) ("[A]dministrative delay and FOIA backlog do not form a 'reasonable basis in law' for withholding documents, because '[the Act's disclosure] purpose would not be served if it were reasonable for agencies to withhold documents for indeterminant periods of time because they have too many FOIA requests and too few FOIA staff members.'") (quoting *Reyes v. U.S. Nat'l Archives & Records Admin.*, 356 F. Supp. 3d 155, 167-168 (D.D.C. 2018)).

For these reasons, and particularly because they seek the requested records for an investigation into USAGM's apparently-targeted adverse treatment of foreign journalists, allegedly based on national-origin discrimination, Plaintiffs renew their request that USAGM be ordered to significantly increase its rate of processing and production of responsive records, and to commit to a prompt date-certain for completion of processing.  *See Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 74 (D.D.C. 2006) (noting that under FOIA, "stale information is of little value") (citation omitted); s*ee also, e.g.*, *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering 2,850 page per month processing rate); Order, *Schulte v. Dep't of Health and Human Servs.*, No. 1:14-cv-887-JDB (D.D.C. Mar. 23, 2015) (ordering 1,000 page per month processing rate for three months, and subsequently ordering 1,500 page per

month processing rate for two months); *Elec. Privacy Info. Center v. U.S. Dept. of Homeland Secur.*, 218 F. Supp. 3d 27, 37 (D.D.C. 2016) (rejecting government's proposal to take 16 months to review 9,200 pages of responsive records (i.e., 575 pages per month), and ordering agency to process records at the rate of 2,000 pages per month, although subsequently reducing the rate to reviewing 1,500 pages per month).

\*   \*   \*

**Joint Proposed Schedule:** Subject to any modification of the current schedule regarding rate of production, the parties respectfully propose filing a joint status report on or before July 30, 2021, to update the Court on the processing of records responsive to Plaintiffs' request.

Respectfully submitted,

| | |
|---|---|
| /s/ Burt Braverman<br>Burt Braverman, DC Bar # 178376<br>Meenakshi Krishnan, DC Bar # 1617229<br>DAVIS WRIGHT TREMAINE LLP<br>1301 K Street, NW<br>Suite 500 East<br>Washington, D.C. 20005<br>(202) 973-4200<br>burtbraverman@dwt.com<br>meenakshikrishnan@dwt.com<br><br>*Counsel for Plaintiffs*<br><br>Dated: June 30, 2021 | CHANNING D. PHILLIPS<br>D.C. Bar # 415793<br>Acting United States Attorney<br><br>BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By: /s/ Kathleene Molen<br>KATHLEENE MOLEN<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 803-1572<br>Kathleene.molen@usdoj.gov<br><br>*Counsel for Defendant* |