UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. AGENCY FOR GLOBAL MEDIA, <br><br> *Defendant*. | Civil Action No. 20-3499 (TJK) |

## JOINT STATUS REPORT

Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, lawsuit on December 1, 2020. This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM. *See* Compl. at ¶ 2.

On February 1, 2021, USAGM completed its searches. It has located a total of approximately 5,000 pages of potentially responsive PDF records and an additional 9 GB of additional potentially responsive records to review.

In the March 24 and April 19 conferences, USAGM offered to prioritize processing of records from named other USAGM record custodians and offices that Plaintiffs identified, utilizing search terms provided by Plaintiffs. On April 20, 2021, Plaintiffs provided search terms for 10 custodians, reserving the right to request searches on an additional 4 custodians and to supplement the list of provided search terms for all custodians. On June 2, 2021, Plaintiffs requested that an

additional custodian be included, Michael Williams. USAGM conducted searches based on the information provided by Plaintiffs. USAGM has completed processing the records of Mr. Pack, Ms. Newman, Andre Mendes, Michael Williams, Kelu Chao, and Elez Biberaj. Pursuant to Plaintiffs' further prioritization, USAGM is currently processing the records of Samuel Dewey.

**Defendant's Statement:** Defendant has been processing Plaintiffs' request at a reasonable processing rate of 500 pages a month.[1] Below, Plaintiffs renew their request for a higher processing rate. The agency has many FOIA requests that it must simultaneously address, and, although every requester understandably wants its request to be given priority over others' requests, principles of fairness, as well as precedent, require the agency to strike a reasonable balance among FOIA requesters, even as its staff also dedicates its energies to the rest of its work in order to fulfill the agency's core mission. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 615-16 (D.C. Cir. 1976) (agency should process FOIA requests "on an equal and fair basis"). USAGM – a comparatively small agency – has a relatively lean staff, which limits its ability to enhance the processing speed for any given FOIA response.

From October 1, 2020 to July 28, 2021, the Agency received 90 FOIA requests, putting it on track to receive more than twice the amount of requests it typically receives annually. Accordingly, USAGM cannot reasonably process responsive records for this individual FOIA

---

[1] As Plaintiffs note, this processing rate could result in a long processing timeline for these records. But that is a function of Plaintiffs' broad FOIA request; 500 pages per month is a common processing rate for FOIA cases in this District. *See, e.g.,* Min. Order, *Martinez v. Dep't of Justice, et al.*, No. 20-cv-0251 (RDM) (June 5, 2020) (ordering 500 page per month processing rate); Min. Order, *Reporters Comm. for Freedom of the Press v. CBP,* No. 19-cv-2401 (CRC) (Apr. 3, 2020) (ordering 500 page per month processing rate); Min. Order, *S. Utah Wilderness Alliance v. Dep't of Interior*, No. 19-cv-2203 (TNM) (Nov. 25, 2019) (ordering 500 page per month processing rate); Min. Order, *Ctr. For Reproductive Rights v. Dep't of State,* No. 18-cv-2217 (DLF) (Apr. 3, 2019) (denying plaintiff's request for a 1,000 page per month processing rate; ordering a 300 page per month processing rate); Min. Order, *Ctr. For Bio. Diversity v. Dep't of Interior*, No. 17-cv-1595 (RC) (July 23, 2019) (ordering 500 page per month processing rate).

matter at a rate higher than 500 pages a month.  USAGM anticipates making its eighth release to Plaintiffs on September 10, 2021, and will continue providing Plaintiffs with a monthly release at a processing rate of 500 pages per month until completion. Any agency records pertaining to alleged discriminatory treatment of foreign journalists would most likely have been in the records of Michael Pack or Emily Newman.

**Plaintiffs' Statement:** Plaintiffs renew their objection to the pace at which Defendant is producing responsive records – at the rate of only 500 pages per month – especially now that the parties have agreed that Defendant will, in the next sets of productions, review and produce a much-narrowed set of documents, the searches for which are already complete.

Defendant has asserted that, due to attrition, it faces staffing constraints in processing a higher-than-normal rate of FOIA requests. But these factors do not justify USAGM delaying Plaintiffs' and the public's timely access to the requested records. USAGM has had nearly 9 months since this action was initiated to hire replacement personnel, yet the agency has failed to take the administrative actions needed to enable it to meet its obligations under FOIA.  Indeed, on June 28, 2021, Defendant's agency counsel acknowledged that USAGM still had yet to post a job opening for a replacement FOIA attorney, and that he was unaware of when a FOIA attorney opening would be posted, despite the fact that for months, Defendant has cited its supposed growing FOIA backlog and diminished staff as justification for its painfully slow processing rate.[2] On August 30, 2021, Defendant's agency's counsel informed Plaintiffs that although USAGM finally has posted a single position for a FOIA/Ethics attorney in USAJOBS, it still has not posted

---

[2] In the parties' July 30, 2021 Joint Status Report, USAGM stated that it had 79 FOIA requests pending.  That number is miniscule in comparison to the number of requests pending at most federal agencies.  If USAGM acted responsibly to fill vacant staff positions, it no doubt could substantially eliminate that backlog in short order.

openings for any of the numerous other attorney positions it claims are unfilled due to attrition. Nor has agency counsel been able to provide any further information as to when USAGM expects to hire FOIA-related staff, despite having had nearly a year to do so in the face of repeatedly-asserted staffing constraints. No wonder that the agency claims to have a backlog and to be unable to rectify it. Delays such as these, and outright foot-dragging, simply do not excuse USAGM's failure to comply with its statutory duties under FOIA.  *See Urb. Air Initiative, Inc. v. Env't Prot. Agency*, 442 F. Supp. 3d 301, 319 (D.D.C. 2020) ("[A]dministrative delay and FOIA backlog do not form a 'reasonable basis in law' for withholding documents, because '[the Act's disclosure] purpose would not be served if it were reasonable for agencies to withhold documents for indeterminant periods of time because they have too many FOIA requests and too few FOIA staff members.'") (quoting *Reyes v. U.S. Nat'l Archives & Records Admin.*, 356 F. Supp. 3d 155, 167-168 (D.D.C. 2018)).

Defendant has also previously cited its current backlog of 79 FOIA requests, with 90 requests received from October 1, 2020 to July 28, 2021, as a reason for its delay. But according to USAGM's website, in 2019 (the last period for which data is reported), USAGM received 63 FOIA requests and processed 74 requests.  And according to agency counsel, as of October 31, 2020 – twenty-four days after USAGM's receipt of Plaintiffs' FOIA request – USAGM had only 31 FOIA requests pending. The delay in USAGM's processing of Plaintiffs' FOIA request is especially striking and inexcusable given that, in the parties' January 26, 2021 Joint Status Report, Defendant indicated that Plaintiffs' FOIA request is Defendant's "first priority."  Defendant's attempt to rationalize its delay in processing records by pointing to its current backlog – which is attributable largely to its failure to be adequately staffed – does not excuse its failure to comply with the Act's time requirements. Additionally, Defendant again appears to attempt to justify its

current slow rate of processing and production based on speculation that responsive records would "most likely" have been in the records of Michael Pack or Emily Newman.  Yet Defendant has no foundation for these claims.  Defendant has produced in full responsive records from only four custodians, and has yet to produce in full the records of *nine* remaining custodians agreed upon by Defendant and Plaintiff.  Accordingly, Defendant has no basis for suggesting that responsive records are housed solely in the records of Mr. Pack or Ms. Newman.  Indeed, records produced in recent partial productions from the records of Mr. Andre Mendes and Mr. Michael Williams confirm the opposite.[3]

In any event, Defendant's baseless conjecture about the potential responsiveness of its productions bears no relationship whatsoever to its statutory obligation to promptly produce responsive records under FOIA.  For these reasons, and particularly because they seek the requested records for an investigation into USAGM's apparently-targeted adverse treatment of foreign journalists, allegedly based on national-origin discrimination, Plaintiffs renew their request that USAGM be ordered to significantly increase its rate of processing and production of responsive records, and to commit to a prompt date-certain for completion of processing.  *See Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 74 (D.D.C. 2006) (noting that under FOIA, "stale information is of little value") (citation omitted); s*ee also, e.g.*, *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering 2,850 page per month processing rate); Order, *Schulte v. Dep't of Health and Human Servs.*, No. 1:14-cv-887-JDB (D.D.C. Mar. 23, 2015) (ordering 1,000 page per month processing rate for three months, and subsequently

---

[3] For example, Defendant's July 8, 2021 production from Mr. Mendes's records included a previously undisclosed email, from Mr. Mendes to Mr. Pack, expressing significant dissatisfaction with Mr. Pack's failure to extend J-1 visas.  Mr. Mendes noted that the J-1 visa extension delay is a "situation with which [he] can no longer be associated" and "beg[ged]" Mr. Pack to resolve the situation.  If not, Mr. Mendes would have to "request that [his] detail" at USAGM be terminated.  July 8, 2021 Production, Bates No. 003095.  This record is obviously responsive to Plaintiff's FOIA request pertaining to USAGM's and Mr. Pack's discriminatory treatment of foreign journalists and the J-1 visa program, and was not among the records produced by USAGM for Mr. Pack and Ms. Newman.

ordering 1,500 page per month processing rate for two months); *Elec. Privacy Info. Center v. U.S. Dept. of Homeland Secur.*, 218 F. Supp. 3d 27, 37 (D.D.C. 2016) (rejecting government's proposal to take 16 months to review 9,200 pages of responsive records (i.e., 575 pages per month), and ordering agency to process records at the rate of 2,000 pages per month, although subsequently reducing the rate to reviewing 1,500 pages per month).

\*   \*   \*

**Joint Proposed Schedule:** Subject to any modification of the current schedule regarding rate of production, the parties respectfully propose filing a joint status report on or before September 30, 2021, to update the Court on the processing of records responsive to Plaintiffs' request.

\*   \*   \*

Respectfully submitted,

| | |
|---|---|
| /s/ Burt Braverman | CHANNING D. PHILLIPS |
| Burt Braverman, DC Bar # 178376 | D.C. Bar # 415793 |
| Meenakshi Krishnan, DC Bar # 1617229 | Acting United States Attorney |
| DAVIS WRIGHT TREMAINE LLP | |
| 1301 K Street, NW | BRIAN P. HUDAK |
| Suite 500 East | Acting Chief, Civil Division |
| Washington, D.C. 20005 | |
| (202) 973-4200 | By: /s/ Kathleene Molen |
| burtbraverman@dwt.com | KATHLEENE MOLEN |
| meenakshikrishnan@dwt.com | Assistant United States Attorney |
| | 555 4th Street, N.W. |
| *Counsel for Plaintiffs* | Washington, D.C. 20530 |
| | (202) 803-1572 |
| | Kathleene.molen@usdoj.gov |
| | *Counsel for Defendant* |

Dated: August 31, 2021