UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. AGENCY FOR GLOBAL MEDIA, <br><br> *Defendant*. | Civil Action No. 20-3499 (TJK) |

## CORRECTED JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated September 1, 2021, Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, lawsuit on December 1, 2020. This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM. *See* Compl. at ¶ 2.

**Defendant's Statement:** On February 1, 2021, USAGM completed its searches. It located a total of approximately 5,000 pages of potentially responsive PDF records and an additional 9 GB of additional potentially responsive records to review.

In March 24 and April 19, 2021 conferences, USAGM offered to prioritize processing of records from named USAGM record custodians and offices that Plaintiffs identified, utilizing search terms provided by Plaintiffs. On April 20, 2021, Plaintiffs provided search terms for 10 custodians, reserving the right to request searches on an additional 4 custodians and to supplement the list of provided search terms for all custodians. On June 2, 2021, Plaintiffs requested that an

additional custodian be included, Michael Williams. USAGM conducted searches based on the information provided by Plaintiffs. USAGM has completed processing the records of Mr. Pack, Ms. Newman, Andre Mendes, Michael Williams, Kelu Chao, and Elez Biberaj. Pursuant to Plaintiffs' prioritization, USAGM is currently processing the records of Jonathan Bronitsky, whose records will complete this FOIA request. On September 8, 2021, USAGM made its eighth release of non-exempt information to Plaintiffs.

**Defendant's Corrected Statement:**

In the Joint Status Report filed on September 30, 2021, USAGM stated that it anticipated making its ninth and final release to Plaintiffs on October 10, 2021. On October 12, 2021, and on October 15, 2021, USAGM provided Plaintiff with its nineth and tenth release of non-exempt information, however this does not constitute USAGM's final production as previously represented to the Court. In response to Plaintiff's request that USAGM review its representation that it has only one additional production to make in order to complete its response to Plaintiff's FOIA request, USAGM reviewed its prior productions and determined that it in fact it has more than 2,100 pages remaining to process. To date, USAGM has processed and released 5,892 pages. At the current rate of at least 500 pages per month, it will take approximately 5 months for USAGM to complete its response to Plaintiff's request, not just one additional production as previously stated by USAGM. USAGM apologizes for its misstatement, it was not USAGM's intention to mislead opposing counsel or the Court.

**Plaintiffs' Statement:** Defendant maintains that it will make a final production on October 10, 2021, consisting solely of the records of Jonathan Bronitsky. However, on September 30, 2021, Plaintiffs' counsel stated in an email that Plaintiffs do not appear to have received records from

the following custodians, as previously agreed upon by the parties: Diane Cullo, Mora Namdarkhan (also known as Mora Namdar), Frank Wuco, Abby Bird, and Toni DeLancey. In USAGM productions up to this point, each production has been clearly labeled with its custodian's name, except for the records of Mr. Pack and Ms. Newman, regarding which the parties were mutually aware as to which custodians those records belonged. None of USAGM's productions to date have been labeled with the names of Ms. Cullo, Ms. Namdarkhan, Mr. Wuco, Ms. Bird, and Ms. DeLancey. Accordingly, in an email on September 30, 2021, Defendant's counsel asked Plaintiffs' counsel numerous times to clarify whether records from these custodians have been already produced, or whether records from these custodians will be produced in the October productions referenced above, despite Defendant's representation that only the records of Mr. Bronitsky remain. Despite numerous requests and an extended email exchange with Plaintiffs' counsel, Defendant's counsel has not yet provided a clear answer on this front.[1]

Accordingly, Plaintiffs' counsel is left in the dark as to whether Defendant's October production(s) will indeed appropriately conclude after the productions of records from all previously-agreed upon custodians, or whether some of those records will remain outstanding. If

---

[1] At 3:43 P.M. on September 30, 2021, Defendant's counsel stated: "Agency counsel indicates that only the Bronitsky's documents remain outstanding. Everything [prior agency counsel] identified as responsive documents will have been processed by next month." Plaintiffs' counsel requested further clarification, namely, whether the records of Ms. Cullo, Ms. Namdarkhan, Mr. Wuco, Ms. Bird, and Ms. DeLancey have already been produced, or will be produced in the October productions. Bewilderingly, Defendant's counsel offered no clarification. Instead, at 4:24 P.M., Defendant's counsel stated that agency counsel "confirms that by October all of the custodians that were marked and searched for by [prior agency counsel] will be processed." Again, this response was puzzlingly vague, as the answer to Plaintiffs' counsel's question should be clear and simple. But despite numerous opportunities to do so, Defendant's counsel's representations provide no clarity as to whether the records of Ms. Cullo, Ms. Namdarkhan, Mr. Wuco, Ms. Bird, and Ms. DeLancey have indeed already been produced, whether they will be produced in the October production(s), or whether they will not be produced. And Defendant's representation in this joint status report offers no further illumination on this issue; indeed, Defendant maintains here that only the responsive records of Mr. Bronitsky are yet to be produced.

those records indeed remain outstanding, Plaintiffs respectfully request that the Court order Defendant to complete its productions as agreed upon, in October, or hold a hearing in which to clarify the status of productions.

If productions from some of the agreed-upon custodians indeed remain outstanding, and will not be included in a final October production (or productions), Plaintiffs renew their objection to the pace at which Defendant has produced responsive records – at the rate of only 500 pages per month – especially now that the parties have agreed that Defendant will, in the next sets of productions, review and produce a much-narrowed set of documents, the searches for which are already complete.  Defendant has previously asserted that, due to attrition, it faces staffing constraints in processing a higher-than-normal rate of FOIA requests. But these factors do not justify USAGM delaying Plaintiffs' and the public's timely access to the requested records. USAGM has had nearly 10 months since this action was initiated to hire replacement personnel, yet the agency still has failed to take the administrative actions needed to enable it to meet its obligations under FOIA.  Indeed, on June 28, 2021, Defendant's agency counsel acknowledged that USAGM still had yet to post a job opening for a replacement FOIA attorney, and that he was unaware of when a FOIA attorney opening would be posted, despite the fact that for months, Defendant has cited its supposed growing FOIA backlog and diminished staff as justification for its painfully slow processing rate.[2]  On August 30, 2021, Defendant's agency's counsel informed Plaintiffs that although USAGM finally has posted a single position for a FOIA/Ethics attorney in USAJOBS, it still has not posted openings for any of the numerous other attorney positions it claims are unfilled due to attrition. Nor has agency counsel been able to provide any further

---

[2] In the parties' July 30, 2021 Joint Status Report, USAGM stated that it had 79 FOIA requests pending.  That number is miniscule in comparison to the number of requests pending at most federal agencies.  If USAGM acted responsibly to fill vacant staff positions, it no doubt could substantially eliminate that backlog in short order.

information as to when USAGM expects to hire FOIA-related staff, despite having had nearly a year to do so in the face of repeatedly-asserted staffing constraints. No wonder that the agency claims to have a backlog and to be unable to rectify it. Delays such as these, and outright foot-dragging, simply do not excuse USAGM's failure to comply with its statutory duties under FOIA. *See Urb. Air Initiative, Inc. v. Env't Prot. Agency*, 442 F. Supp. 3d 301, 319 (D.D.C. 2020) ("[A]dministrative delay and FOIA backlog do not form a 'reasonable basis in law' for withholding documents, because '[the Act's disclosure] purpose would not be served if it were reasonable for agencies to withhold documents for indeterminant periods of time because they have too many FOIA requests and too few FOIA staff members.'") (quoting *Reyes v. U.S. Nat'l Archives & Records Admin.*, 356 F. Supp. 3d 155, 167-168 (D.D.C. 2018)).

Defendant has also previously cited its current backlog of 79 FOIA requests, with 90 requests received from October 1, 2020 to July 28, 2021, as a reason for its delay. But according to USAGM's website, in 2019 (the last period for which data is reported), USAGM received 63 FOIA requests and processed 74 requests. And according to agency counsel, as of October 31, 2020 – twenty-four days after USAGM's receipt of Plaintiffs' FOIA request – USAGM had only 31 FOIA requests pending. The delay in USAGM's processing of Plaintiffs' FOIA request is especially striking and inexcusable given that, in the parties' January 26, 2021 Joint Status Report, Defendant indicated that Plaintiffs' FOIA request is Defendant's "first priority." Defendant's prior attempts to rationalize its delay in processing records by pointing to its current backlog – which is attributable largely to its failure to be adequately staffed – does not excuse its failure to comply with the Act's time requirements.

Additionally, Defendant has previously attempted to justify its current slow rate of processing and production based on speculation that responsive records would "most likely" have

been in the records of Michael Pack or Emily Newman. Yet Defendant has no foundation for these claims. Defendant has produced in full responsive records from only some of the custodians, and it is Plaintiffs' understanding, which Defendant has not corrected despite opportunity to do so, that Defendant has yet to produce in full, as noted above, the records of several remaining custodians agreed upon by Defendant and Plaintiffs. Accordingly, Defendant has no basis for suggesting that responsive records are housed solely in the records of Mr. Pack or Ms. Newman. Indeed, records produced in recent partial productions from the records of Mr. Andre Mendes and Mr. Michael Williams confirm the opposite.[3]

In any event, Defendant's prior baseless conjecture about the potential responsiveness of its productions bears no relationship whatsoever to its statutory obligation to promptly produce responsive records under FOIA. For these reasons, and particularly because they seek the requested records for an investigation into USAGM's apparently-targeted adverse treatment of foreign journalists, allegedly based on national-origin discrimination, Plaintiffs renew their request that USAGM be ordered to significantly increase its rate of processing and production of responsive records, and to commit to a prompt date-certain for completion of processing. *See Washington Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 74 (D.D.C. 2006) (noting that under FOIA, "stale information is of little value") (citation omitted); s*ee also, e.g.*, *Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering 2,850 page per month processing rate); Order, *Schulte v. Dep't of Health and Human Servs.*, No. 1:14-cv-887-JDB (D.D.C. Mar. 23, 2015) (ordering 1,000 page per month processing rate for three months, and subsequently

---

[3] For example, Defendant's July 8, 2021 production from Mr. Mendes's records included a previously undisclosed email, from Mr. Mendes to Mr. Pack, expressing significant dissatisfaction with Mr. Pack's failure to extend J-1 visas. Mr. Mendes noted that the J-1 visa extension delay is a "situation with which [he] can no longer be associated" and "beg[ged]" Mr. Pack to resolve the situation. If not, Mr. Mendes would have to "request that [his] detail" at USAGM be terminated. July 8, 2021 Production, Bates No. 003095. This record is obviously responsive to Plaintiff's FOIA request pertaining to USAGM's and Mr. Pack's discriminatory treatment of foreign journalists and the J-1 visa program, and was not among the records produced by USAGM for Mr. Pack and Ms. Newman.

ordering 1,500 page per month processing rate for two months); *Elec. Privacy Info. Center v. U.S. Dept. of Homeland Secur.*, 218 F. Supp. 3d 27, 37 (D.D.C. 2016) (rejecting government's proposal to take 16 months to review 9,200 pages of responsive records (i.e., 575 pages per month), and ordering agency to process records at the rate of 2,000 pages per month, although subsequently reducing the rate to reviewing 1,500 pages per month).

\*   \*   \*

**Joint Proposed Schedule:** Subject to any modification of the current schedule regarding rate of production, the parties respectfully propose filing a joint status report on or before October 29, 2021, to update the Court on the processing of records responsive to Plaintiffs' request.

\*   \*   \*

Respectfully submitted,

| | |
|---|---|
| */s/ Burt Braverman*<br>Burt Braverman, DC Bar # 178376<br>Meenakshi Krishnan, DC Bar # 1617229<br>DAVIS WRIGHT TREMAINE LLP<br>1301 K Street, NW<br>Suite 500 East<br>Washington, D.C. 20005<br>(202) 973-4200<br>burtbraverman@dwt.com<br>meenakshikrishnan@dwt.com<br><br>*Counsel for Plaintiffs* | CHANNING D. PHILLIPS<br>D.C. Bar # 415793<br>Acting United States Attorney<br><br>BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By: */s/ Kathleene Molen*<br>KATHLEENE MOLEN<br>Assistant United States Attorney<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 803-1572<br>Kathleene.molen@usdoj.gov<br><br>*Counsel for Defendant* |

Dated: October 15, 2021