UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. AGENCY FOR GLOBAL MEDIA, <br><br> *Defendant*. | Civil Action No. 20-3499 (TJK) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated December 6, 2021, Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, lawsuit on December 1, 2020. This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM. *See* Compl. at ¶ 2.

On February 1, 2021, USAGM completed its searches. It identified a total of approximately 5,000 pages of potentially responsive PDF records and an additional 9 GB of additional potentially responsive records to review.

In March 24 and April 19, 2021 conferences, USAGM offered to prioritize processing of records from named USAGM record custodians and offices that Plaintiffs identified, utilizing search terms provided by Plaintiffs. On April 20, 2021, Plaintiffs provided search terms for 10 custodians, reserving the right to request searches on an additional 4 custodians and to supplement

the list of provided search terms for all custodians. On June 2, 2021, Plaintiffs requested that an additional custodian be included, Michael Williams.

USAGM conducted searches based on the information provided by Plaintiffs. USAGM has completed processing the records of Mr. Pack, Ms. Newman, Andre Mendes, Michael Williams, Kelu Chao, Elez Biberaj, Jonathan Bronitsky, Frank Wuco, Toni DeLancey, and Abby Bird, Mora Namda and Diane Cullo.

As agreed by the parties, Plaintiffs reserve their right to request, following completion of their review of all of the documents produced by USAGM, additional searches of the identified potentially responsive records. In addition, Plaintiffs reserve their right to challenge the adequacy of USAGM's searches.

**Defendant's Position:** USAGM's position is that the request has been completed and USAGM has provided all potentially responsive records identified by Plaintiffs. On January 6, 2022, Plaintiffs raised a question to USAGM regarding the order in which email attachments were produced. Plaintiffs have concerns that attachments to emails are not appearing in the production immediately after the responsive parent email. USAGM is looking into this issue, but has noted that it would be beneficial to the parties for Plaintiffs to first complete their review of the productions in their entirety and provide Defendant with a list of attachments Plaintiffs contend are missing that should have been produced. Given the overwhelming number of FOIA requests that the agency is facing, Defendants would spend considerable resources in combing through 7,500 pages of produced records in order to determine whether each attachment was produced immediately thereafter or later on in the production. This is particularly true where Plaintiffs have identified certain attachments that do not appear immediately after a responsive parent email. Contrary to Plaintiffs' representations below, Defendant has not declined to confirm that the

responsive attachments were produced, and notified Plaintiffs that as a matter of course, responsive attachments should appear in the production, if not immediately after the responsive parent email. USAGM respectfully requests that the Court deny Plaintiffs' request that the Court order USAGM to review the entire production again to determine if every attachment has been produced. USAGM faces a significant backlog of FOIA requests and requiring the agency to conduct a page-by-page review will detract significant resources from other FOIA requesters who are awaiting responsive records. USAGM has completed its productions in this case, going beyond the mandated 500 pages a month of review in order to provide Plaintiffs with all responsive records.[1] It should not be such an onerous task for Plaintiffs as they parse through the records (which they are reviewing to determine whether they seek to challenge USAGM's withholdings or its searches), to make note of which attachments they believe have not been produced and raise the matter with the agency at the end of their review. This approach would allow the agency to conduct a more targeted search and conserve significant limited resources.

**Plaintiffs' Position:** Plaintiffs are currently reviewing the documents produced by USAGM and have preliminarily observed certain attachments that appear to be missing from USAGM's productions. In each of its production transmittal letters, USAGM stated that responsive attachments to produced emails were produced "generally immediately after that document," except when an entire attachment is claimed to be exempt. On January 6, 2022, Plaintiffs requested that USAGM confirm whether USAGM has produced all unredacted email attachments as indicated in its transmittal letters. USAGM has declined to do so, instead asking Plaintiffs to parse thousands of pages of productions to identify missing attachments that, at least

---

[1] In communications with counsel, Plaintiffs provided some examples of where they think attachments are missing (with bates numbers) and do so again below.

based on USAGM counsel's representation, could appear anywhere throughout the production. This is an absurd and burdensome request for two reasons. First, many of the attachment names are nothing more than a few words or a short phrase,[2] and thus Plaintiffs cannot reliably identify corresponding attachments appearing elsewhere in the productions. Second, hundreds of the pages produced by USAGM are entirely or heavily redacted. For both these reasons, it would be extraordinarily difficult – and in some instances impossible – for Plaintiffs to ascertain which attachments correspond to which productions, and thus which ones are missing, without further guidance from USAGM. Further, USAGM's position seeks improperly to avoid its responsibility to produce responsive documents as they are found (i.e., including their attachments) and to shift to Plaintiffs the agency's burden of having failed to do so. In addition, USAGM should not be allowed to shirk its duties under FOIA by continue to hide behind the "overwhelming number of FOIA requests" the agency supposedly faces, an excuse it has asserted for more than one year, given its failure during that time to hire additional staff to fulfill its statutory duties. As such, Plaintiffs request that the Court require USAGM to inform Plaintiffs whether all attachments have been produced (which should be easy enough to determine as a general matter), and if any are missing, to promptly produce them.

      Plaintiffs continue to review USAGM's productions to date and reserve their rights to request further additional searches of other custodians' records and/or to challenge the adequacy of USAGM's searches after completing that review.

---

[2] For example, on Bates No. 006999 in the 12-8-2021 production, Congressman Joseph P. Kennedy's legislative assistant sent Debra Sams a letter to Michael Pack, which was forwarded by Sams to Pack, copying Diane Cullo and Emily Newman. USAGM produced the cover email, but the attached letter ("Final Letter.pdf") does not follow on the next page. Similarly, on Bates No. 007003, the attachment name is "Summary – Non-Citizen Legal Authorities.docx". That attachment does not follow the string of cover emails, which concludes on Bates No. 007010.

**Joint Proposed Schedule:** Subject to any court order regarding the production of email attachments, the parties respectfully propose filing a joint status report on or before March 7, 2022, to update the Court on the processing of records responsive to Plaintiffs' request and a schedule for further proceedings if necessary.

\*   \*   \*

Respectfully submitted,

| | |
|---|---|
| /s/ Burt Braverman | MATTHEW M. GRAVES |
| Burt Braverman, DC Bar # 178376 | D.C. Bar No. 481052 |
| Meenakshi Krishnan, DC Bar # 1617229 | United States Attorney |
| DAVIS WRIGHT TREMAINE LLP | |
| 1301 K Street, NW | BRIAN P. HUDAK |
| Suite 500 East | Acting Chief, Civil Division |
| Washington, D.C. 20005 | |
| (202) 973-4200 | By: /s/ *Brenda González Horowitz* |
| burtbraverman@dwt.com | BRENDA GONZÁLEZ HOROWITZ |
| meenakshikrishnan@dwt.com | D.C. Bar No. 1017243 |
| | Assistant United States Attorney |
| *Counsel for Plaintiffs* | U.S. Attorney's Office, Civil Division |
| | 555 Fourth Street, N.W. |
| | Washington, D.C. 20530 |
| | Tel: (202) 252-2512 |
| | Brenda.Gonzalez.Horowitz@usdoj.gov |
| | |
| | *Attorneys for the United States* |

Dated: January 7, 2022