UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. AGENCY FOR GLOBAL MEDIA,<br><br>*Defendant*. | Civil Action No. 20-3499 (TJK) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated February 23, 2022, Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, lawsuit on December 1, 2020. This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM. *See* Compl. at ¶ 2.

On February 1, 2021, USAGM completed its searches. It identified a total of approximately 5,000 pages of potentially responsive PDF records and an additional 9 GB of additional potentially responsive records to review.

In March 24 and April 19, 2021 conferences, USAGM offered to prioritize processing of records from named USAGM record custodians and offices that Plaintiffs identified, utilizing search terms provided by Plaintiffs. On April 20, 2021, Plaintiffs provided search terms for 10 custodians, reserving the right to request searches on an additional 4 custodians and to supplement

the list of provided search terms for all custodians. On June 2, 2021, Plaintiffs requested that an additional custodian be included, Michael Williams.

USAGM conducted searches based on the information provided by Plaintiffs. USAGM has completed processing the records of Mr. Pack, Ms. Newman, Andre Mendes, Michael Williams, Kelu Chao, Elez Biberaj, Jonathan Bronitsky, Frank Wuco, Toni DeLancey, and Abby Bird, Mora Namda and Diane Cullo.

As agreed by the parties, Plaintiffs reserve their right to request, following completion of their review of all of the documents produced by USAGM, additional searches of the identified potentially responsive records. In addition, Plaintiffs reserve their right to challenge the adequacy of USAGM's searches.

**Defendant's Position:** In the parties' last joint status report[1], Plaintiffs raised an issue regarding certain attachments that they contend were not included in Defendant's production as they did not appear immediately after a responsive parent email. To assist Defendant in determining whether such attachments were properly included elsewhere in USAGM's production, Plaintiff, at Defendant's request, provided a sixteen-page list of all attachments they contend were missing. USAGM does not dispute that not all attachments were included in USAGM's productions and proposes the following review and production plan to Plaintiffs:

---

[1]  Due to the unexpected loss of an immediate family member of undersigned counsel's family, the parties last filed a joint status report in January 2022 (ECF No. 26), where Plaintiff raised with undersigned counsel for Defendant the issue of missing attachments for the first time. The parties have since corresponded on the issue, but it was not until undersigned counsel returned to the office on May 2, 2022, that Defendant was able to confirm that the "missing attachments" had not been previously produced. Defendant is mindful that several months have passed since Plaintiffs first raised this issue but lead counsel for this case was out of the office and another AUSA covering this case for lead counsel was also simultaneously carrying a voluminous caseload, as well as covering approximately twenty other cases for the undersigned.

USAGM will review the list provided by Plaintiffs and make its first production by May 20, with a further release every two weeks until the list is cleared.

In conferring regarding the parties' joint filing, Plaintiffs indicated that they do not agree with the proposed rate of review and have requested that USAGM produce *all* attachments within 30 days. In keeping with their previous positions in this case, Plaintiffs' request would force a significant strain on the agency's resources and time. By way of example, the agency attorney working on this matter currently also has 155 separate pending FOIA requests that he is working on, adding up to thousands of potentially responsive records requiring processing, review, and redaction. In this instance, Plaintiffs provided a sixteen-page list of attachments which they contend are missing from a production of more than 7,500 pages. As previously explained, reviewing the entire production to identify, process, redact if necessary, and produce the attachments to Plaintiffs is a time consuming and resource-expending task. While USAGM is sympathetic to Plaintiffs and does not dispute their entitlement to attachments that may be responsive to their FOIA request, there is no dispute that FOIA does not require the agency to produce these records to Plaintiffs *immediately* or at the onerous rate proposed by Plaintiffs. Indeed, during the course of fulfilling its obligations under FOIA, USAGM went beyond the mandated 500 pages a month in order to provide Plaintiffs with the responsive records in this case. As such, the rate of review proposed by USAGM – that is, reviewing the list provided by Plaintiffs and making productions every two weeks – is not unreasonable, particularly when considering that Plaintiffs' request is also one in a line of many.

**Plaintiffs' Position:** Plaintiffs respectfully request that this Court order USAGM to produce all missing attachments within 30 days, by June 3, 2022. Plaintiffs first raised the issue of missing email attachments on January 6, 2022 – nearly *four* months ago. Plaintiffs noted that

in each of the agency's production transmittal letters, USAGM stated that responsive attachments to produced emails were produced "generally immediately after that document," except when an entire attachment was claimed to be exempt. Believing that representation to be inaccurate, Plaintiffs informed USAGM that a number of attachments appeared to be missing across USAGM's productions, and Plaintiffs requested that USAGM confirm whether USAGM in fact had produced all unredacted email attachments as represented in its transmittal letters. USAGM declined to do so, instead asking Plaintiffs to engage in an unwarranted and burdensome task: to parse thousands of pages of Defendant's productions to identify missing attachments that, at least based on USAGM counsel's representation, could have appeared anywhere throughout the production.

On January 7, 2022, USAGM through counsel informed Plaintiffs that all attachments "became a part of the production[s]." Skeptical of that representation given that there were plainly missing attachments, Plaintiffs went above and beyond their obligations under FOIA by providing USAGM with a 16-page document listing instances where Plaintiffs observed that attachments did not appear to follow the cover email. Plaintiffs requested that USAGM promptly (1) identify where else in the documents those attachments were produced, and (2) if they were not produced elsewhere, to release those documents. When USAGM failed to respond to that request, Plaintiffs followed up on January 18, 2022, to which USAGM also did not respond. On January 31, 2022, Plaintiffs followed up again, after which USAGM's counsel stated the agency was "looking into [the] issue" of whether all email attachments were produced and was reviewing Plaintiffs' list of missing attachments.

Now, almost *four* months after Plaintiffs' initial request, USAGM has belatedly admitted that not all email attachments were produced, in contrast to its prior repeated representations, and

only after Plaintiffs repeatedly pressed the issue.  It goes without saying that Plaintiffs do not dispute that counsel for USAGM had good cause to be away from the office for several months. However, during that period, substitute counsel appeared in this matter, and USAGM proffers no justification – nor can it – for its inexcusable delay in responding to Plaintiffs' inquiry, timely confirming the incompleteness of its productions, and promptly remedying those inadequacies. Instead, at every juncture, USAGM has shifted to Plaintiffs its basic duties under FOIA, engaged in incomplete productions, misrepresented the completeness of those productions, and dilatorily responded to Plaintiffs' reasonable requests.

Yet again, USAGM attempts to obscure its noncompliance with its basic statutory duties by claiming administrative backlog. But resource constraints cannot be blamed for the fact that USAGM improperly failed to process, review, and redact all of its responsive records the first time around. Contrary to USAGM's position, FOIA *does* require the agency to produce responsive records – which USAGM has plainly failed to do here.  USAGM should no longer be allowed to shirk its duties under FOIA by hiding behind its supposed staffing and resource constraints, an excuse it has asserted for nearly two years, given its failure during that time to hire additional staff to fulfill its statutory duties.

Finally, it should be noted that Defendants have asked to be allowed to make productions every two weeks, but have failed to articulate how many documents or pages they would release at each interval.  Given that Defendants previously produced responsive records at the rate of 500 pages per month, in no event should they be allowed to produce the missing attachments at less than that rate, i.e., at least 250 pages every two weeks.

As such, Plaintiffs respectfully request that the Court require USAGM to produce all missing email attachments by June 3, 2022, and in no event less than 250 pages every two weeks.

Plaintiffs reserve their right to request further additional searches of other custodians' records and/or to challenge the adequacy of USAGM's searches after those productions are complete.

**Joint Proposed Schedule:** Subject to any court order regarding the production of email attachments, the parties respectfully propose filing a joint status report on or before July 6, 2022, to update the Court on the processing of records responsive to Plaintiffs' request and a schedule for further proceedings if necessary.

\* \* \*

Respectfully submitted,

| | |
|---|---|
| /s/ Burt Braverman | MATTHEW M. GRAVES |
| Burt Braverman, DC Bar # 178376 | D.C. Bar No. 481052 |
| Meenakshi Krishnan, DC Bar # 1617229 | United States Attorney |
| DAVIS WRIGHT TREMAINE LLP | BRIAN P. HUDAK |
| 1301 K Street, NW | Chief, Civil Division |
| Suite 500 East | |
| Washington, D.C. 20005 | By: /s/ Brenda González Horowitz |
| (202) 973-4200 | |
| burtbraverman@dwt.com | BRENDA GONZÁLEZ HOROWITZ |
| meenakshikrishnan@dwt.com | D.C. Bar No. 1017243 |
| | Assistant United States Attorney |
| *Counsel for Plaintiffs* | U.S. Attorney's Office, Civil Division |
| | 601 D St., N.W. |
| | Washington, D.C. 20530 |
| | Tel: (202) 252-2512 |
| | Brenda.Gonzalez.Horowitz@usdoj.gov |
| | |
| | *Attorneys for the United States* |

Dated: May 4, 2022