UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FIRST LOOK INSTITUTE, INC., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. AGENCY FOR GLOBAL MEDIA,<br><br>*Defendant*. | Civil Action No. 20-3499 (TJK) |

## JOINT STATUS REPORT

Pursuant to the Court's Minute Order dated May 5, 2022, Plaintiffs, First Look Institute, Inc., and Lee Fang ("Plaintiffs"), and Defendant, U.S. Agency for Global Media ("USAGM"), hereby respectfully submit the following Joint Status Report.

Plaintiffs initiated the instant Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, lawsuit on December 1, 2020. This matter pertains to a FOIA request submitted by Plaintiffs to USAGM on October 7, 2020, seeking records related to the then-recent termination or suspension of a number of foreign journalists employed by USAGM. *See* Compl. at ¶ 2.

On February 1, 2021, USAGM completed its searches. It identified a total of approximately 5,000 pages of potentially responsive PDF records and an additional 9 GB of additional potentially responsive records to review.

In March 24 and April 19, 2021 conferences, USAGM offered to prioritize processing of records from named USAGM record custodians and offices that Plaintiffs identified, utilizing search terms provided by Plaintiffs. On April 20, 2021, Plaintiffs provided search terms for 10 custodians, reserving the right to request searches on an additional 4 custodians and to supplement

the list of provided search terms for all custodians.  On June 2, 2021, Plaintiffs requested that an additional custodian be included, Michael Williams.

USAGM conducted searches based on the information provided by Plaintiffs.  USAGM has completed processing the records of Mr. Pack, Ms. Newman, Andre Mendes, Michael Williams, Kelu Chao, Elez Biberaj, Jonathan Bronitsky, Frank Wuco, Toni DeLancey, and Abby Bird, Mora Namda and Diane Cullo.

As agreed by the parties, Plaintiffs reserve their right to request, following completion of their review of all of the documents produced by USAGM, additional searches of the identified potentially responsive records. In addition, Plaintiffs reserve their right to challenge the adequacy of USAGM's searches.

**Defendant's Position:** Defendant is sympathetic to the delays that Plaintiffs contend that they are experiencing in the receipt of the remaining records that are responsive to their FOIA request. However, as previously explained in the parties' last joint status report (and other prior status reports), Defendant's resources are limited, and are not dedicated solely to respond to the FOIA requests at issue in this litigation. While Plaintiffs are free to characterize this increased workload as Defendant "shirking" its responsibilities under FOIA, Plaintiffs fail to appreciate the burdensome workload the agency is facing, and the real impact that workload has on the agency's ability to dedicate its limited resources to responding to all FOIA requests – not just Plaintiffs – and to requests that have been pending longer than the ones at issue in this litigation. [1]

---

[1]     Plaintiffs emphasize the length of time since they first raised the issue of the purported missing attachments in January. However, as undersigned explained in the last joint status report, Plaintiffs first raised the issue of the attachments to undersigned immediately prior to the filing of the parties' joint status report in January, providing counsel for Defendant no time to confer with the agency regarding the issue prior to the parties' joint filing deadline. *See* ECF No. 30. As explained in the last joint status report, undersigned took a leave of absence from early February 2022 through May 2, 2022, following the unexpected and sudden loss of an immediate family member of undersigned counsel. While Defendant is mindful of the length of time that has passed

In the parties' January 2022 joint status report Plaintiffs raised an issue regarding certain attachments that they contend were not included in Defendant's production as they did not appear immediately after a responsive parent email. To assist Defendant in determining whether such attachments were properly included elsewhere in USAGM's production, Plaintiff, at Defendant's request, provided a sixteen-page list of all attachments they contend were missing. USAGM does not dispute that not all attachments were included in USAGM's productions and proposes the following review. In the parties' last joint filing (ECF No. 30), Defendant proposed to review list provided by Plaintiffs and make its first production by May 20, with a further release every two weeks until the list is cleared.

Plaintiffs are correct in noting that Defendant has been unable to meet the production schedule it identified above. USAGM made its first production of attachments on May 31, 2022, and its second production on July 5, 2022, having now produced all attachments found on pages 1 and 2 of the 16-page list provided by Plaintiffs. As of the date of this filing, USAGM reports that it has an estimated 345 number of records left. However, due to redactions that need to be applied to the remaining records (a time-consuming task), coupled with the agency's limited resources, the agency's production has taken longer than originally anticipated.

In keeping with their previous positions in this case, Plaintiffs' now request that the Court order USAGM to produce all missing attachments (345 records) by August 5, 2022. But as

_____

since this issue was first brought to Defendant's attention, as lead counsel, undersigned was best equipped to facilitate and correspond with the agency on this issue, but notably was out of the office for several months to attend to family matters. From the tone of Plaintiffs' position (noted below), Plaintiffs fail to consider the various reasons underpinning the length of time processing the remaining attachments is taking. Plaintiffs mistakenly argue that Defendant takes the position that it is not under an obligation to process the missing attachments – but Defendant has never taken that position and does not dispute that to the extent the missing attachments are responsive to the underlying FOIA request, Plaintiffs are entitled to them. Rather, Plaintiffs are incorrect in their contention that Defendant must produce the missing attachments on the arbitrary timetable imposed by Plaintiffs.

previously noted, this request would force a significant strain on the agency's resources and time. By way of example, the agency attorney working on this matter currently also has 155 separate pending FOIA requests that he is working on, adding up to thousands of potentially responsive records requiring processing, review, and redaction. In this instance, Plaintiffs provided a sixteen-page list of attachments which they contend are missing from a production of more than 7,500 pages. USAGM has provided the attachments identified on pages one and two of Plaintiffs' list but has a substantial portion of records remaining to be re-processed and produced. As previously explained, reviewing the entire production to identify, process, redact if necessary, and produce the attachments to Plaintiffs is a time consuming and resource-expending task. While USAGM is sympathetic to Plaintiffs and does not dispute their entitlement to attachments that may be responsive to their FOIA request, there is no dispute that FOIA does not require the agency to produce these records to Plaintiffs *immediately* or at the onerous rate proposed by Plaintiffs. Indeed, during the course of fulfilling its obligations under FOIA, USAGM went beyond the mandated 500 pages a month in order to provide Plaintiffs with the responsive records in this case. While 345 records remain, it is difficult to estimate the page count as every record varies. For example, one record consisted of 82 pages while others are two to four pages. To that end, Defendant anticipates that it will complete productions within four months, including July. As such, Defendant respectfully requests that the Court deny Plaintiffs' request to produce all remaining attachments within thirty days.

**Plaintiffs' Position:**

Plaintiffs respectfully request that this Court order USAGM to produce all missing attachments within 30 days, by August 5, 2022.

Plaintiffs first raised the issue of missing email attachments on January 6, 2022 – *six* months ago. Plaintiffs noted that in each of the agency's production transmittal letters, USAGM stated that responsive attachments to produced emails were produced "generally immediately after that document," except when an entire attachment was claimed to be exempt. Believing that representation to be inaccurate, Plaintiffs informed USAGM at that time that a number of attachments appeared to be missing across USAGM's productions, and requested that USAGM confirm whether USAGM in fact had produced all unredacted email attachments as represented in its transmittal letters. USAGM declined to do so, instead asking Plaintiffs to engage in an unwarranted and burdensome task: to parse thousands of pages of Defendant's productions to identify missing attachments that, at least based on USAGM counsel's representation, could have appeared anywhere throughout the production.

On January 7, 2022, USAGM through counsel informed Plaintiffs that all attachments "became a part of the production[s]." Skeptical of that representation given that there were plainly missing attachments, Plaintiffs went above and beyond their obligations under FOIA by providing USAGM with a 16-page document listing instances where Plaintiffs observed that attachments did not appear to follow the cover email. Plaintiffs requested that USAGM promptly (1) identify where else in the documents those attachments were produced, and (2) if they were not produced elsewhere, to release those documents. When USAGM failed to respond to that request, Plaintiffs followed up on January 18, 2022, to which USAGM also did not respond. On January 31, 2022, Plaintiffs followed up again, after which USAGM's counsel stated the agency was "looking into [the] issue" of whether all email attachments were produced and was reviewing Plaintiffs' list of missing attachments.

Later, on May 3, 2022, almost *four* months after Plaintiffs' initial request, USAGM belatedly admitted that not all email attachments had been produced, in contrast to its prior repeated representations, and only after Plaintiffs repeatedly pressed the issue.  It goes without saying that Plaintiffs do not dispute that counsel for USAGM had good cause to be away from the office for several months. However, during that period, substitute counsel appeared in this matter, and USAGM continued to review the list already provided by Plaintiffs.  Therefore, USAGM proffered no justification – nor can it – for its inexcusable delay in responding to Plaintiffs' inquiry, timely confirming the incompleteness of its productions, and promptly remedying those inadequacies.

In the parties' May 4 joint status report approved by this Court, USAGM stated that it would "review the list provided by Plaintiffs and make its first production by May 20, with a further release every two weeks until the list is cleared."  USAGM failed to meet both the first production deadline of May 20, as well as the deadline to make further releases every two weeks. On May 31, 2022, nearly *two weeks after* it stated it would release its first production, USAGM released only the first portion of the "attachments associated with page 1 of [Plaintiffs'] 16-page list of those missing from previous agency productions."  At that time, USAGM stated that it "anticipate[s] providing half of the missing attachments within the next 30 days." On June 2, 2022, USAGM produced the rest of the documents from "page 1" of the list of missing attachments. Since that date, USAGM has produced *zero* records, in violation of the express representations it made to the Court.

On July 1, 2022, Plaintiffs inquired as to when USAGM would make further productions. Agency counsel stated that USAGM is "still working on getting through the sixteen-page list of attachments," a list that it has been reviewing for *six months*.  For the umpteenth time, USAGM

claims that this inexcusable delay, which violates the representations that it has made to this Court, is due to a staffing shortage.  USAGM, however, should not be permitted to repeatedly obscure its noncompliance with its basic statutory duties by hiding behind claimed administrative backlog. Resource constraints cannot be blamed for, or excuse, the fact that USAGM improperly failed to process, review, and redact all of its responsive records the first time around.  Nor can such constraints justify why the agency has required *six months* to produce attachments from a 16-page list that it should have produced in the first instance.  On July 5, 2022, after Plaintiffs' inquiry, USAGM produced the attachments from the second page of their 16-page list, leaving fourteen pages of the list outstanding.

Contrary to USAGM's position, FOIA *does* require the agency to produce responsive records – which USAGM has plainly failed to do here.  USAGM should no longer be allowed to shirk its duties under FOIA by hiding behind its supposed staffing and resource constraints, an excuse it has asserted for nearly *two years*, given its failure during that time to hire additional staff to fulfill its statutory duties.  At every juncture, USAGM has shifted to Plaintiffs its basic duties under FOIA, engaged in incomplete productions, misrepresented the completeness of those productions, and dilatorily responded to Plaintiffs' reasonable requests in contradiction to the representations it has made to this Court.

As such, given USAGM's inordinate and repeated production delays in this matter, Plaintiffs respectfully request that the Court require USAGM to produce all missing email attachments by August 5, 2022, and in no event less than 250 pages every two weeks (in accordance with the prior production rate of 500 pages every month). Plaintiffs reserve their right to request further additional searches of other custodians' records and/or to challenge the adequacy of USAGM's searches after those productions are complete.

**Joint Proposed Schedule:** Subject to any court order regarding the production of email attachments, the parties respectfully propose filing a joint status report on or before September 6, 2022, to update the Court on the processing of records responsive to Plaintiffs' request and a schedule for further proceedings if necessary.

*        *        *

Respectfully submitted,

| | |
|---|---|
| _/s/ Burt Braverman_ | MATTHEW M. GRAVES |
| Burt Braverman, DC Bar # 178376 | D.C. Bar No. 481052 |
| Meenakshi Krishnan, DC Bar # 1617229 | United States Attorney |
| DAVIS WRIGHT TREMAINE LLP | |
| 1301 K Street, NW | BRIAN P. HUDAK |
| Suite 500 East | Chief, Civil Division |
| Washington, D.C. 20005 | |
| (202) 973-4200 | By: _/s/ Brenda González Horowitz_ |
| burtbraverman@dwt.com | BRENDA GONZÁLEZ HOROWITZ |
| meenakshikrishnan@dwt.com | D.C. Bar No. 1017243 |
| *Counsel for Plaintiffs* | Assistant United States Attorney |
| | U.S. Attorney's Office, Civil Division |
| | 601 D St., N.W. |
| | Washington, D.C. 20530 |
| | Tel: (202) 252-2512 |
| | Brenda.Gonzalez.Horowitz@usdoj.gov |
| | |
| | *Attorneys for the United States* |

Dated: July 6, 2022