APPEAL,CASREF,CLOSED,TYPE I−FOIA

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:20−cv−03499−TJK−MAU</u>
### *Internal Use Only*

| | |
|---|---|
| FIRST LOOK MEDIA WORKS, INC. et al v. U.S. AGENCY FOR GLOBAL MEDIA | Date Filed: 12/01/2020 |
| Assigned to: Judge Timothy J. Kelly | Date Terminated: 09/23/2024 |
| Referred to: Magistrate Judge Moxila A. Upadhyaya | Jury Demand: None |
| Cause: 05:552 Freedom of Information Act | Nature of Suit: 895 Freedom of Information Act |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

| | | |
|---|---|---|
| **FIRST LOOK MEDIA WORKS, INC.**<br>*TERMINATED: 01/07/2021* | represented by | **Meenakshi Krishnan**<br>DAVIS WRIGHT TREMAINE LLP<br>1301 K Street, NW<br>Suite 500 East<br>Washington, DC 20005<br>202−973−4239<br>Email: <u>meenakshikrishnan@dwt.com</u><br>*ATTORNEY TO BE NOTICED* |
| | | **Burt Braverman**<br>DAVIS WRIGHT TREMAINE LLP<br>1301 K Street, NW<br>Suite 500 East<br>Washington, DC 20005<br>202−973−4200<br>Email: <u>burtbraverman@dwt.com</u><br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **LEE FANG** | represented by | **Meenakshi Krishnan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Burt Braverman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **FIRST LOOK INSTITUTE, INC.** | represented by | **Meenakshi Krishnan**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Burt Braverman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **U.S. AGENCY FOR GLOBAL MEDIA** | represented by | **Sam Escher**<br>DOJ–USAO<br>Civil Division<br>601 D Street NW<br># 7.1527<br>Washington, DC 20530<br>(202) 252–2531<br>Email: sam.escher@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Brenda A. Gonzalez Horowitz**<br>DOJ–USAO<br>U.S. Department of Justice<br>601 D Street NW<br>Washington, DC 20530<br>(202) 252–2512<br>Email: brenda.gonzalez.horowitz@usdoj.gov<br>*TERMINATED: 10/31/2022*<br><br>**Douglas C. Dreier**<br>U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA<br>601 D Street NW<br>Washington, DC 20053<br>(202) 252–2551<br>Email: douglas.dreier@usdoj.gov<br>*TERMINATED: 05/02/2022*<br><br>**Kathleene A. Molen**<br>U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA<br>555 4th Street NW<br>Washington, DC 20530<br>(202) 803–1572<br>Email: Kathleene.Molen@usdoj.gov<br>*TERMINATED: 11/04/2021* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2020 | 1 | COMPLAINT against U.S. AGENCY FOR GLOBAL MEDIA ( Filing fee $ 402 receipt number ADCDC–7901719) filed by FIRST LOOK MEDIA WORKS, INC., LEE FANG. (Attachments: # 1 Exhibit A to Complaint, # 2 Civil Cover Sheet, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons)(Braverman, Burt) (Attachment 2 replaced on 12/16/2020) (adh, ). (Entered: 12/01/2020) |
| 12/02/2020 | | Case Assigned to Judge Timothy J. Kelly. (adh, ) (Entered: 12/02/2020) |

| 12/02/2020 | 2 | SUMMONS (3) Issued Electronically as to U.S. AGENCY FOR GLOBAL MEDIA, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(adh, ) (Entered: 12/02/2020) |
|---|---|---|
| 12/16/2020 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 12/08/2020. (Braverman, Burt) (Entered: 12/16/2020) |
| 12/16/2020 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 12/2/2020. Answer due for ALL FEDERAL DEFENDANTS by 1/1/2021. (Braverman, Burt); Modified text and date of service on 12/17/2020 (ztth). (Entered: 12/16/2020) |
| 12/28/2020 | 5 | NOTICE of Appearance by Kathleene A. Molen on behalf of All Defendants (Molen, Kathleene) (Entered: 12/28/2020) |
| 12/31/2020 | 6 | ANSWER to Complaint by U.S. AGENCY FOR GLOBAL MEDIA.(Molen, Kathleene) (Entered: 12/31/2020) |
| 01/05/2021 | 7 | Consent MOTION to Amend/Correct *Complaint* by LEE FANG, FIRST LOOK MEDIA WORKS, INC. (Attachments: # 1 Declaration of David S. Bralow, # 2 Exhibit A to Bralow Declaration, # 3 Amended Complaint, # 4 Amended Complaint (redlined), # 5 Text of Proposed Order)(Braverman, Burt) (Entered: 01/05/2021) |
| 01/07/2021 | | MINUTE ORDER granting Plaintiffs' Consent 7 Motion to Amend Complaint as a Matter of Course. It is hereby ORDERED that the 7 Motion is granted and the Clerk of Court is directed to file on the docket the Plaintiffs Amended Complaint, ECF No. 7–3. Signed by Judge Timothy J. Kelly on 1/7/2021. (lctjk2) (Entered: 01/07/2021) |
| 01/07/2021 | 8 | AMENDED COMPLAINT against U.S. AGENCY FOR GLOBAL MEDIA filed by LEE FANG, FIRST LOOK INSTITUTE, INC. (ztth); Modified text on 1/8/2021 (ztth). (Entered: 01/07/2021) |
| 01/13/2021 | 9 | *Amended* ANSWER to 8 Amended Complaint by U.S. AGENCY FOR GLOBAL MEDIA.(Molen, Kathleene) (Entered: 01/13/2021) |
| 01/14/2021 | | MINUTE ORDER: Before the Court in this FOIA case are a complaint and an answer. It is hereby ORDERED that the parties shall meet, confer, and file a joint proposed schedule for briefing or disclosure by February 20, 2021. Signed by Judge Timothy J. Kelly on 1/14/2021. (lctjk2) (Entered: 01/14/2021) |
| 01/15/2021 | | Set/Reset Deadlines: Joint Proposed Briefing Schedule due by 2/20/2021. (zkh) (Entered: 01/15/2021) |
| 01/15/2021 | 10 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by FIRST LOOK INSTITUTE, INC. (Braverman, Burt) (Entered: 01/15/2021) |
| 01/21/2021 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Thomas R. Burke, Filing fee $ 100, receipt number ADCDC–8105468. Fee Status: Fee Paid. by LEE FANG, FIRST LOOK INSTITUTE, INC.. (Attachments: # 1 Declaration of Thomas R. Burke, # 2 Text of Proposed Order)(Braverman, Burt) (Entered: 01/21/2021) |
| 01/26/2021 | 12 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Attachments: # 1 Text of Proposed Order Defendant, # 2 Text of Proposed Order Plaintiff)(Molen, Kathleene) (Entered: 01/26/2021) |

| 01/28/2021 | | MINUTE ORDER granting 11 Motion for Leave to Appear Pro Hac Vice. Attorney Thomas R. Burke is hereby admitted pro hac vice to appear in this matter. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a). Click for instructions**. Furthermore, upon consideration of the parties' 12 Joint Status Report, it is further ORDERED that the parties shall file a f urther joint status report by February 27, 2021. Signed by Judge Timothy J. Kelly on 1/28/21. (lctjk2) (Entered: 01/28/2021) |
| 02/02/2021 | 13 | NOTICE of Appearance by Meenakshi Krishnan on behalf of LEE FANG, FIRST LOOK INSTITUTE, INC. (Krishnan, Meenakshi) (Entered: 02/02/2021) |
| 02/26/2021 | 14 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 02/26/2021) |
| 03/02/2021 | | MINUTE ORDER: Upon consideration of the parties' 14 Joint Status Report, it is ORDERED that the parties shall file a further joint status report by April 1, 2021. Signed by Judge Timothy J. Kelly on 3/2/21. (lctjk2) (Entered: 03/02/2021) |
| 04/01/2021 | 15 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 04/01/2021) |
| 04/12/2021 | | MINUTE ORDER: Upon consideration of the parties' 15 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report, including, if necessary, a proposed briefing schedule, no later than May 1, 2021. Signed by Judge Timothy J. Kelly on 4/12/21. (lctjk2) (Entered: 04/12/2021) |
| 04/30/2021 | 16 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 04/30/2021) |
| 05/03/2021 | | MINUTE ORDER: Upon consideration of the parties' 16 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report, including, if necessary, a proposed briefing schedule, no later than June 1, 2021. Signed by Judge Timothy J. Kelly on 5/3/21. (lctjk2) (Entered: 05/03/2021) |
| 06/01/2021 | 17 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 06/01/2021) |
| 06/07/2021 | | MINUTE ORDER: Upon consideration of the parties' 17 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report, including, if necessary, a proposed briefing schedule, no later than June 30, 2021. Signed by Judge Timothy J. Kelly on 6/7/21. (lctjk2) (Entered: 06/07/2021) |
| 06/30/2021 | 18 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 06/30/2021) |
| 07/01/2021 | | MINUTE ORDER: Upon consideration of the parties' 18 status report, it is hereby ORDERED that the parties shall file a further joint status report, including, if necessary, a proposed briefing schedule, no later than July 30, 2021. Signed by Judge Timothy J. Kelly on 7/1/21. (lctjk2) (Entered: 07/01/2021) |
| 07/30/2021 | 19 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 07/30/2021) |
| 08/31/2021 | 20 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 08/31/2021) |
| 09/01/2021 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: Upon consideration of the parties' 20 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by September 30, 2021. Signed by Judge Timothy J. Kelly on 9/1/21. (lctjk2) (Entered: 09/01/2021) |
| 09/30/2021 | 21 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 09/30/2021) |
| 10/04/2021 | | MINUTE ORDER: Upon consideration of the parties' 21 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by October 29, 2021. Signed by Judge Timothy J. Kelly on 10/04/2021. (lctjk2) Modified to link document on 10/4/2021 (zkh). (Entered: 10/04/2021) |
| 10/15/2021 | 22 | Joint STATUS REPORT *(Corrected)* by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 10/15/2021) |
| 10/29/2021 | 23 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Molen, Kathleene) (Entered: 10/29/2021) |
| 11/01/2021 | | MINUTE ORDER: Upon consideration of the parties' 23 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by December 3, 2021. Signed by Judge Timothy J. Kelly on 11/01/2021. (lctjk2) (Entered: 11/01/2021) |
| 11/04/2021 | 24 | NOTICE OF SUBSTITUTION OF COUNSEL by Brenda A. Gonzalez–Horowitz on behalf of U.S. AGENCY FOR GLOBAL MEDIA Substituting for attorney Kathleene Molen (Gonzalez–Horowitz, Brenda) (Entered: 11/04/2021) |
| 12/02/2021 | 25 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Gonzalez–Horowitz, Brenda) (Entered: 12/02/2021) |
| 12/06/2021 | | MINUTE ORDER: Upon consideration of the parties' 25 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by January 7, 2022. Signed by Judge Timothy J. Kelly on 12/06/2021. (lctjk2) (Entered: 12/06/2021) |
| 01/07/2022 | 26 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Gonzalez–Horowitz, Brenda) (Entered: 01/07/2022) |
| 01/10/2022 | | **VACATED PURSUANT TO MINUTE ORDER FILED 2/23/2022.....**MINUTE ORDER: Upon consideration of the parties' 26 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by March 7, 2022, including, if necessary, a proposed briefing schedule. Signed by Judge Timothy J. Kelly on 01/10/2022. (lctjk2) Modified to vacate order on 2/23/2022 (zkh). (Entered: 01/10/2022) |
| 02/22/2022 | 27 | NOTICE of Appearance by Douglas C. Dreier on behalf of U.S. AGENCY FOR GLOBAL MEDIA (Dreier, Douglas) (Entered: 02/22/2022) |
| 02/22/2022 | 28 | Consent MOTION for Extension of Time to *File a Joint Status Report* by U.S. AGENCY FOR GLOBAL MEDIA. (Attachments: # 1 Text of Proposed Order)(Dreier, Douglas) (Entered: 02/22/2022) |
| 02/23/2022 | | MINUTE ORDER granting 28 Consent Motion for Extension of Time. It is hereby ORDERED, for good cause shown, that the 28 Consent Motion is GRANTED. It is further ORDERED that the parties shall file a further joint status report by May 4, 2022, including, if necessary, a proposed briefing schedule. It is further ORDERED that the Court's Minute Order of January 10, 2022, is VACATED. Signed by Judge Timothy J. Kelly on 02/23/2022. (lctjk2) (Entered: 02/23/2022) |

| 05/02/2022 | 29 | NOTICE OF WITHDRAWAL OF APPEARANCE as to U.S. AGENCY FOR GLOBAL MEDIA. Attorney Douglas C. Dreier terminated. (Dreier, Douglas) (Entered: 05/02/2022) |
|---|---|---|
| 05/04/2022 | 30 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Gonzalez–Horowitz, Brenda) (Entered: 05/04/2022) |
| 05/05/2022 | | MINUTE ORDER: Upon consideration of the parties' 30 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by July 6, 2022, including, if necessary, a proposed briefing schedule. Signed by Judge Timothy J. Kelly on 05/05/2022. (lctjk2) (Entered: 05/05/2022) |
| 07/06/2022 | 31 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Gonzalez Horowitz, Brenda) (Entered: 07/06/2022) |
| 07/07/2022 | | MINUTE ORDER: Upon consideration of the parties' 31 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by September 6, 2022, including, if necessary, a proposed briefing schedule. Signed by Judge Timothy J. Kelly on 07/07/2022. (lctjk2) (Entered: 07/07/2022) |
| 09/06/2022 | 32 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Gonzalez Horowitz, Brenda) (Entered: 09/06/2022) |
| 09/08/2022 | | MINUTE ORDER: Upon consideration of the parties' 32 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by November 8, 2022, including, if necessary, a proposed briefing schedule. Signed by Judge Timothy J. Kelly on 09/08/2022. (lctjk2) (Entered: 09/08/2022) |
| 10/31/2022 | 33 | NOTICE OF SUBSTITUTION OF COUNSEL by Sam Escher on behalf of U.S. AGENCY FOR GLOBAL MEDIA Substituting for attorney Brenda Gonzlez Horowitz (Escher, Sam) (Entered: 10/31/2022) |
| 11/08/2022 | 34 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Escher, Sam) (Entered: 11/08/2022) |
| 11/09/2022 | | MINUTE ORDER: Upon consideration of the parties' 34 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by January 9, 2023, including, if necessary, a proposed briefing schedule. Signed by Judge Timothy J. Kelly on 11/9/2022. (lctjk2) (Entered: 11/09/2022) |
| 01/09/2023 | 35 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Escher, Sam) (Entered: 01/09/2023) |
| 01/11/2023 | | MINUTE ORDER: Upon consideration of the parties' 35 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by March 10, 2023, including, if necessary, a proposed briefing schedule. Signed by Judge Timothy J. Kelly on 1/11/2023. (lctjk2) (Entered: 01/11/2023) |
| 03/10/2023 | 36 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Escher, Sam) (Entered: 03/10/2023) |
| 03/13/2023 | | MINUTE ORDER: Upon consideration of the parties' 36 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report by May 9, 2023, including, if necessary, a proposed briefing schedule. Signed by Judge Timothy J. Kelly on 3/13/2023. (lctjk2) (Entered: 03/13/2023) |
| 05/08/2023 | 37 | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Escher, Sam) (Entered: 05/08/2023) |
| 05/10/2023 | | MINUTE ORDER: Upon consideration of the parties' 37 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report, including, if necessary, a proposed briefing schedule, by August 9, 2023. Signed by Judge Timothy J. Kelly on 5/10/2023. (lctjk2) (Entered: 05/10/2023) |
| 08/09/2023 | 38 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Escher, Sam) (Entered: 08/09/2023) |
| 08/10/2023 | | MINUTE ORDER: Upon consideration of the parties' 38 Joint Status Report, it is hereby ORDERED that the parties shall file a further joint status report, including, if necessary, a proposed briefing schedule, by September 8, 2023, unless a stipulation of dismissal is filed before then. Signed by Judge Timothy J. Kelly on 8/10/2023. (lctjk2) (Entered: 08/10/2023) |
| 09/07/2023 | 39 | Joint STATUS REPORT by U.S. AGENCY FOR GLOBAL MEDIA. (Escher, Sam) (Entered: 09/07/2023) |
| 09/08/2023 | | MINUTE ORDER: Upon consideration of the parties' 39 Joint Status Report, it is hereby ORDERED that the following schedule shall govern briefing in this case: Plaintiffs shall file any motion for attorneys' fees and costs by October 13, 2023; Defendant shall file any opposition by December 14, 2023; and Plaintiffs shall file any reply by January 12, 2024. Signed by Judge Timothy J. Kelly on 9/8/2023. (lctjk2) (Entered: 09/08/2023) |
| 10/13/2023 | 40 | MOTION for Attorney Fees by FIRST LOOK MEDIA WORKS, INC.. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Burt Braverman, # 3 Exhibit A to Braverman Declaration, # 4 Declaration of David Bralow, # 5 Declaration of Thomas Susman, # 6 Exhibit A to Susman Declaration, # 7 Declaration of Brian Fanning, # 8 Text of Proposed Order)(Krishnan, Meenakshi) (Entered: 10/13/2023) |
| 12/14/2023 | 41 | RESPONSE re 40 MOTION for Attorney Fees filed by U.S. AGENCY FOR GLOBAL MEDIA. (Attachments: # 1 Declaration of James McLaren, # 2 Emails 01, # 3 Emails 02, # 4 Joint Status Report – Silva v. USA, # 5 Internet Searches – The Intercept, # 6 Proof of Payment – 7 Settlements – Davis Wright Tremaine, # 7 Text of Proposed Order)(Escher, Sam) (Entered: 12/14/2023) |
| 01/12/2024 | 42 | REPLY to opposition to motion re 40 MOTION for Attorney Fees filed by LEE FANG, FIRST LOOK INSTITUTE, INC.. (Attachments: # 1 Supplemental Declaration of Burt Braverman, # 2 Supplemental Declaration of David Bralow)(Braverman, Burt) (Entered: 01/12/2024) |
| 01/16/2024 | | MINUTE ORDER: It is hereby ORDERED that Plaintiff's 40 Motion for Attorney's Fees and Costs shall be referred to a Magistrate Judge, to be assigned at random by the Clerk's Office, for a report and recommendation under Local Rule 72.3(a)(7). Signed by Judge Timothy J. Kelly on 1/16/2024. (lctjk2) (Entered: 01/16/2024) |
| 01/16/2024 | | CASE RANDOMLY REFERRED to Magistrate Judge Moxila A. Upadhyaya for 40 Motion for Attorney's Fees and Costs. (zsl) (Entered: 01/19/2024) |
| 07/12/2024 | 43 | MOTION for Leave to File *Supplement to Motion for Award of Fees and Costs* by LEE FANG, FIRST LOOK INSTITUTE, INC.. (Braverman, Burt) (Entered: 07/12/2024) |
| 07/24/2024 | 44 | |

| | | RESPONSE re 43 MOTION for Leave to File *Supplement to Motion for Award of Fees and Costs* filed by U.S. AGENCY FOR GLOBAL MEDIA. (Escher, Sam) (Entered: 07/24/2024) |
|---|---|---|
| 07/30/2024 | 45 | REPLY re 44 Response to motion *to Supplement Motion for Attorneys' Fees and Costs* filed by LEE FANG, FIRST LOOK INSTITUTE, INC.. (Braverman, Burt) (Entered: 07/30/2024) |
| 08/08/2024 | | MINUTE ORDER. It is hereby ORDERED that Plaintiffs' 43 Motion for Leave to File Supplement to Plaintiffs' 40 Motion for Attorneys' Fees and Costs is GRANTED. The Court deems the Supplement attached to Plaintiffs' 43 Motion for Leave as filed. SO ORDERED. Signed by Magistrate Judge Moxila A. Upadhyaya on August 8, 2024. (lcts) (Entered: 08/08/2024) |
| 08/09/2024 | 46 | REPORT AND RECOMMENDATION. Signed by Magistrate Judge Moxila A. Upadhyaya on August 9, 2024. (lcts) (Entered: 08/09/2024) |
| 08/23/2024 | 47 | OBJECTION to 46 Report and Recommendations filed by LEE FANG, FIRST LOOK INSTITUTE, INC.. (Braverman, Burt) (Entered: 08/23/2024) |
| 09/03/2024 | 48 | RESPONSE re 47 Objection to Report and Recommendations filed by U.S. AGENCY FOR GLOBAL MEDIA. (Escher, Sam) (Entered: 09/03/2024) |
| 09/10/2024 | 49 | REPLY re 47 Objection to Report and Recommendations filed by LEE FANG, FIRST LOOK INSTITUTE, INC.. (Attachments: # 1 Declaration of Burt Braverman)(Braverman, Burt) (Entered: 09/10/2024) |
| 09/23/2024 | 50 | ORDER overruling Plaintiffs' 47 Objections to the Magistrate Judge's Report and Recommendation, adopting the 46 Report and Recommendation, and denying Plaintiffs' 40 Motion for an Award of Attorneys' Fees and Costs. Signed by Judge Timothy J. Kelly on 9/23/2024. (lctjk2) (Entered: 09/23/2024) |
| 09/23/2024 | 51 | MEMORANDUM OPINION in support of the Court's 50 Order overruling Plaintiffs' 47 Objections to the Magistrate Judge's Report and Recommendation, adopting the 46 Report and Recommendation, and denying Plaintiffs' 40 Motion for an Award of Attorneys' Fees and Costs. Signed by Judge Timothy J. Kelly on 9/23/2024. (lctjk2) (Entered: 09/23/2024) |
| 11/08/2024 | 52 | NOTICE OF APPEAL TO DC CIRCUIT COURT by FIRST LOOK INSTITUTE, INC.. Filing fee $ 605, receipt number ADCDC–11288933. Fee Status: Fee Paid. Parties have been notified. (Braverman, Burt) (Entered: 11/08/2024) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

First Look Institute, Inc.; Lee Fang
_____
                Plaintiff

               vs.                          Civil Action No. 1:20-cv-03499
                                                             _____

U.S. Agency for Global Media
_____
                Defendant

# NOTICE OF APPEAL

Notice is hereby given this  8th       day of  November         , 20 24   , that

 Plaintiff First Look Institute, Inc.

hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from

the judgment of this Court entered on the  23rd      day of  September      , 20 24

in  favor of  Defendant U.S. Agency for Global Media

against said  Plaintiff First Look Institute, Inc.

                                      /s/ Burt Braverman
                              _____
                                   Attorney or Pro Se Litigant
                              DAVIS WRIGHT TREMAINE LLP
                              1301 K Street, NW
                              Suite 500 East, Washington, DC 20005
                              202-973-4200
                                   Address and Phone Number

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**  Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

Sam Escher
DOJ-USAO
Civil Division
601 D Street NW
# 7.1527
Washington, DC 20530

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK MEDIA WORKS, INC., *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 20-3499 (TJK) |
| U.S. AGENCY FOR GLOBAL MEDIA, | |
| *Defendant*. | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby **OR-DERED** that:

1. Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation Denying Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, *see* ECF No. 47, are **OVERRULED**;

2. The Report and Recommendation, *see* ECF No 46, is **ADOPTED** in its entirety; and

3. Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, *see* ECF No. 40, is **DENIED**. This is a final, appealable order. The Clerk of Court is directed to close the case.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 23, 2024

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FIRST LOOK MEDIA WORKS, INC., *et al.*,<br><br>     *Plaintiffs*,<br><br>     v.<br><br>U.S. AGENCY FOR GLOBAL MEDIA,<br><br>     *Defendant*. | Civil Action No. 20-3499 (TJK) |

**MEMORANDUM OPINION**

Following a satisfactory production of documents in this Freedom of Information Act case, Plaintiffs First Look Institute, Inc. and Lee Fang moved for attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E). The Court referred that motion to Magistrate Judge Moxila Upadhyaya, who prepared a Report and Recommendation concluding that the motion should be denied. Plaintiffs timely objected. For the reasons explained below, the Court will overrule Plaintiffs' objections, adopt the R&R in full, and deny Plaintiffs' motion for fees and costs.

**I.    Background**

    **A.    Factual Background**

In mid-2020, former President Donald Trump appointed Michael Pack as head of the U.S. Agency for Global Media ("USAGM"), a federal agency tasked with supervising various government-sponsored news services, including Voice of America. ECF No. 1 at 2. A sharp uptick in FOIA requests to USAGM followed, in part, it appears, due to allegations that Pack politicized USAGM's operations and undermined the foreign nationals working at Voice of America. Plaintiffs—all associated with the Intercept, an investigative news outlet—filed their FOIA request with USAGM on October 7, 2020, just a few months after this uptick began. *Id.* at 8. In it, Plaintiffs

sought ten broad categories of documents dated from January 1, 2018, to the date of response. ECF No. 41-1 at 3–5. Though many focused on USAGM's policies surrounding visas and foreign employees, that focus was not exclusive. One category of requested documents, for example, sought

> [d]ocuments comprising, reflecting or relating to communications between Michael Pack or any other employee of USAGM or VOA, on the one hand, and Steve Bannon, President Donald J. Trump, or any member or representative of the White House staff concerning or relating to (i) the employment, or use of the services of, foreign journalists by VOA or USAGM, (ii) the editorial policies or practices of VOA, (iii) VOA's coverage of any news item(s) or event(s), including without limitation the Covid 19 pandemic, the 2020 presidential campaign or any candidate for President of the United States, or VOA's Urdu news service, and (iv) the termination, replacement or appointment of upper management employees of VOA and/or USAGM.

*Id.* at 5. This was not the only large-volume request USAGM received around this time. *Id.*

Following Plaintiffs' request, they heard little from USAGM. They followed up on November 10, 2020, but the Agency could not confirm that it had even received the FOIA request. ECF No. 40-1 at 9 n.2. But about a week later, a representative from USAGM called Plaintiffs to confirm that their request had been received. *Id.*

**B.     Procedural History**

Plaintiffs, unwilling to await further action by USAGM, sued under the Freedom of Information Act, or FOIA, on December 1, 2020, to compel the production of responsive records. ECF No. 1. Just under a month later, USAGM answered, admitting that it had "not made a final determination regarding Plaintiffs' FOIA request." ECF No. 6 at 2, 6. A few weeks later, on January 26, 2021, the parties submitted a Joint Status Report, in which USAGM proposed a 500-page-per-month production schedule that would begin on February 8, 2021. ECF No. 12 at 1–2. USAGM then met and exceeded that proposed schedule, releasing 7,714 pages of documents between February 8 and December 8, 2021. ECF No. 41 at 9. Still, a second round of production was required

after Plaintiffs discovered in January 2022 that USAGM had failed to include all the attachments to responsive email records. *Id.* Though USAGM first contended that it had completed its search and had provided all responsive documents, *see* ECF No. 26 at 2, it later conceded that "not all attachments were included in USAGM's productions," ECF No. 30 at 2. Following a five-month-long delay where USAGM's staff dealt with other matters, it disclosed those attachments to Plaintiffs between May 31 and October 28, 2022. ECF No. 41 at 10.

A year later, Plaintiffs filed the instant motion, seeking nearly $225,000 in costs and attorneys' fees. ECF No. 40. USAGM responded, arguing that Plaintiffs were neither eligible nor entitled to fees and that, in the alternative, the fees calculated by Plaintiffs were unreasonable. ECF No. 41. The Court referred the matter to a Magistrate Judge Upadhyaya for an R&R, which she prepared. Her R&R recommends that the Court deny the motion because Plaintiffs have failed to establish their eligibility for fees under FOIA's governing provision. *See* ECF No. 46. Plaintiffs timely objected. *See* ECF No. 47.

## II.    Legal Standards

Section 552(a)(4)(E) of FOIA provides courts with discretion to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" during a FOIA lawsuit "in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To recover attorneys' fees and costs, a plaintiff must show both eligibility for and entitlement to a fee award. *See, e.g.*, *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011).

As relevant here, a plaintiff has "substantially prevailed" under FOIA when he has obtained relief through "a voluntary or unilateral change in position by the agency." 5 U.S.C. § 552(a)(4)(E)(ii). This option, known as the "catalyst theory," permits FOIA plaintiffs to "prove fee eligibility by showing that [their] lawsuit 'substantially caused the government to release the requested documents before final judgment.'" *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 96

3

(D.C. Cir. 2020) (quoting *Brayton*, 641 F.3d at 524–25).  In other words, "the question under the 'catalyst theory' is whether the institution and prosecution of the litigation caused the agency to release the documents obtained." *Id.* at 97 (cleaned up) (quotations omitted).  A "plaintiff has the burden of showing 'that it is more probable than not that the government would not have [produced the desired documents] absent the lawsuit.'" *Id.* (quoting *Pub. Citizen Health Rsch. Grp. v. Young*, 909 F.2d 546, 550 (D.C. Cir. 1990)).  Courts analyze the totality of the circumstances to determine whether "the circumstances surrounding disclosure" support finding a "'causal nexus' between the commencement of the lawsuit and an agency's disclosures."  *Env't Def. Fund v. U.S. Env't Prot. Agency*, No. 17-CV-02220 (APM), 2022 WL 136792, at *4 (D.D.C. Jan. 13, 2022) (quoting *Grand Canyon Tr. v. Zinke*, 311 F. Supp. 3d 381, 389 (D.D.C. 2018)).

Upon reviewing an R&R prepared by a magistrate judge, the Court "must determine de novo" any part of it to which a proper objection is made.  Fed. R. Civ. P. 72(b)(3); LCvR 72.3(c).  The Court reviews only for clear error any part of the R&R that is not objected to or that is objected to merely in a "general" and "conclusory" fashion.  *See IMAPizza, LLC v. At Pizza Ltd.*, No. 17-cv-2327 (TJK) (GMH), 2021 WL 3168132, at *2 (D.D.C. July 27, 2021); *Wu Xiaofeng v. Pompeo*, No. 15-cv-1040 (EGS), 2019 WL 1697868, at *5 (D.D.C. Apr. 17, 2019).  "Clear error exists only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Momoh v. Osayande*, 564 B.R. 1, 3 (D.D.C. 2017) (internal quotation marks omitted).  Also, when objecting to an R&R, "the parties may not present new issues or arguments to the district judge." *IMAPizza, LLC*, 2021 WL 3168132, at *2 (internal quotation marks omitted); *see also Aikens v. Shalala*, 956 F. Supp. 14, 19 (D.D.C. 1997).  The Court "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

4

### III.    Analysis

Plaintiffs object to Magistrate Judge Upadhyaya's recommendation that they are not eligible to recover attorneys' fees because they failed to show that their lawsuit substantially caused USAGM to change its position about disclosure.  See ECF No. 40-1 at 12–13; ECF No. 47 at 7–19.  They say they are eligible for three reasons.  First, they note that USAGM only responded to their FOIA request after Plaintiffs filed suit.  Second, they point to the suddenness of USAGM's response after the suit was filed.  Third, they argue that USAGM's decision, after more delay, to provide email attachments that were initially excluded suggests that their suit caused the attachments' production.  None of these arguments—considered individually or in the aggregate—show by a preponderance of the evidence that Plaintiffs' lawsuit caused USAGM to "voluntar[ily] or unilateral[ly] change [its] position" about its FOIA disclosures, as required under the catalyst theory.  5 U.S.C. § 552(a)(4)(E)(ii)(II).

### A.    USAGM's Disclosure of Records After Plaintiffs Sued Does Not Establish That the Lawsuit Caused USAGM to Change its Position

In their opening brief before the magistrate judge, Plaintiffs included just a few sentences on the threshold question of whether they were eligible for fees.  They noted how, "prior to the initiation of this lawsuit, USAGM had not produced a single page of the requested documents," nor had it "responded to, acknowledged, or provided any indication that it intended to release records in response to Plaintiffs' FOIA request."  ECF No. 40-1 at 12.  They then baldly asserted that "[o]nly the filing of the December 2020 Complaint . . . prompted the agency to search for and release the requested records."  *Id.* at 13.

It is well established, however, that "the mere filing of the complaint and the subsequent release of the documents is insufficient" to establish fee eligibility.  *Grand Canyon Tr.*, 947 F.3d at 97 (quoting *Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1496 (D.C. Cir. 1984)).  The D.C.

Circuit has repeatedly warned against inferring causation simply because disclosure follows the filing of a lawsuit. *See id.* ("[A]n allegedly prevailing complainant must assert something more than post hoc, ergo propter hoc." (alteration in original) (quoting *Cox v. U.S. Dep't of Just.*, 601 F.2d 1, 6 (D.C. Cir. 1979), *abrogated on other grounds by Benavides v. Bureau of Prisons*, 993 F.2d 257 (D.C. Cir. 1993))). The Court cannot do so here.

**B.     The Purported "Suddenness" of USAGM's Response After Plaintiffs Sued Does Not Establish That the Lawsuit Caused USAGM to Change its Position**

Perhaps realizing that it was not enough to rely on that sequence of events, Plaintiffs clarified in their reply briefing before Magistrate Judge Upadhyaya and in their objections before this Court that causation may be inferred because "USAGM *suddenly* initiated negotiations with Plaintiffs, searches, and production of responsive records" following the suit's filing. ECF No. 47 at 7 (emphasis added); ECF No. 42 at 11–12. At least in theory, this argument is on more solid legal footing. An "agency's 'sudden acceleration' in processing a FOIA request may lead to the conclusion that the lawsuit substantially caused the agency's compliance with FOIA."[1] *EPIC II*, 218 F. Supp. 3d at 41; *Env't Integrity Project v. U.S. Env't Prot. Agency*, 316 F. Supp. 3d 320, 327 (D.D.C. 2018); *Terris, Pravlik & Millian, LLP v. Ctrs. for Medicare & Medicaid Servs.*, 794 F. Supp. 2d 29, 38 (D.D.C. 2011).

To prevail under this theory, however, a plaintiff must establish two things. First, he must

---

[1] There may be two subspecies of "sudden acceleration" arguments. The first, more common argument is that the agency's decision to expedite its process because of the litigation suggests that, but for the litigation, the agency would not have released the documents *at all*. *See Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.* (*EPIC II*), 218 F. Supp. 3d 27, 41 (D.D.C. 2016). The second is that the acceleration—that is, a plaintiff's receipt of disclosures quicker than would have happened otherwise—is itself grounds to find that the plaintiff substantially prevailed. *See Grand Canyon Tr.*, 947 F.3d at 97–98. The D.C. Circuit has never definitely endorsed either theory. *See id.* The Court assumes that Plaintiffs rely on both theories, although it is unclear if that is so.

6

show that the agency decided against disclosure or was engaging in an unexplained delay before the filing of the lawsuit. As courts have recognized, "a significant delay by an agency in complying with FOIA may provide the inference that the agency forgot about, or sought to ignore, a FOIA requester's request." *Am. Wild Horse Campaign v. U.S. Bureau of Land Mgmt.*, No. 22-CV-3061 (CRC), 2024 WL 3967256, at *3 (D.D.C. Aug. 26, 2024) (quotations omitted). But that inference is eroded, if not fully rebutted, when the agency provides an alternative explanation for the delay, such as "unintentional administrative burdens" like understaffing and FOIA backlogs. *Env't Integrity Project*, 316 F. Supp. 3d at 327–28. Second, a plaintiff must show that the agency did in fact accelerate its response to the FOIA request because of the lawsuit. *See id.* at 327; *see also Terris, Pravlik & Millian, LLP*, 794 F. Supp. 2d at 38 (showing that sudden acceleration alone is insufficient because factors other than the lawsuit could have explained that acceleration).

Plaintiffs' "sudden acceleration" argument fails because they have not adequately shown either that USAGM's delay was unexplained or that USAGM's response accelerated because of this lawsuit. First, USAGM has more than adequately explained its pre-suit delay. It submitted a detailed affidavit, to which courts "accord[] a presumption of good faith."[2] *WP Co. LLC v. U.S.*

---

[2] Plaintiffs try to undermine this presumption of good faith by questioning the existence of USAGM's administrative burdens, as reflected by its purported failure to remedy staffing shortages and by its failure "to invoke FOIA's 'unusual circumstances' provision." *See* ECF No. 47 at 10–11. The first of these two arguments gets them nowhere, because that is USAGM's very point—it was understaffed at the relevant time, which explains its delay. *See Zynovieva v. U.S. Dep't of State,* No. CV 19-3445 (RDM), 2023 WL 2755599, at *6 (D.D.C. Mar. 31, 2023), *aff'd sub nom. Zynovieva v. United States Dep't of State*, No. 23-5120, 2024 WL 1946592 (D.C. Cir. Apr. 30, 2024) ("The Court does not mean to suggest that the Department should be rewarded for not speeding things up, merely that its failure to do so cuts against the causal inference that [the plaintiff] asks the Court to draw."). As for the second argument, an agency's "failure to use FOIA's statutory mechanisms to extend its time to respond to [a FOIA] request . . . is not indicative of a lack of due diligence." *Env't Integrity Project*, 316 F. Supp. 3d at 329. And on the whole record here, that does not cast doubt on the presumption of good faith to which USAGM's affidavit is afforded.

*Dep't of State*, 506 F. Supp. 3d 11, 16–17 (D.D.C. 2020) (quoting *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).  The affidavit details how Pack's appointment led to a sharp increase in FOIA requests that more than doubled the workload placed on the Agency's two FOIA employees—who also had non-FOIA responsibilities.  *See* ECF No. 41-1 at 2–3.[3]  As the affidavit states, "USAGM was not staffed for this [increased] volume" and would have needed a FOIA team of between eight and twelve people to expeditiously process Plaintiffs' request.  *Id.* at 2, 6.  The affidavit persuasively explains USAGM's delay—and shows that US-AGM had neither refused to disclose the requested documents nor had forgotten about Plaintiffs' request but was unable to respond promptly at that time.  *See Env't Integrity Project*, 316 F. Supp. 3d at 328 ("[A] delay may be unavoidable when the agency is insufficiently staffed to respond to FOIA requests.").  Thus, the agency here has not merely vaguely gestured towards backlog and administrative delay, *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.* (*EPIC I*), 811 F. Supp. 2d 216, 232–33 (D.D.C. 2011), or "simply cite[d] administrative burdens" without further explanation, *Env't Def. Fund*, 2022 WL 136792, at *4.  And, contrary to Plaintiffs' assertion, USAGM's "failure to communicate [during the pre-filing period], while regrettable, does not alone overcome its assurances that it intended to process [the plaintiff]'s request . . . and experienced delays due to backlog." *Am. Wild Horse Campaign*, 2024 WL 3967256, at *3.

---

[3] For example, in fiscal year 2019—the year before Pack's appointment—USAGM received only forty-six FOIA requests.  ECF No. 41-1 at 2.  For the first nine months of FY 2020, that trend continued, with only thirty-one requests made before Pack took office.  *Id.*  In the final three months of FY 2020, however, USAGM received twenty-nine FOIA requests.  *Id.*  Thus, USAGM received essentially the same number of requests in the final three months of FY 2020 as it did during the previous nine months.  This uptick persisted through FY 2021, during which USAGM received 113 FOIA requests, a roughly 146% increase from pre-Pack numbers.  *Id.* at 3.  And all of this led to a significant strain on USAGM's FOIA resources; while USAGM traditionally only employed one attorney and one paralegal to work on FOIA matters part-time, the Agency found that it was not adequately staffed to deal with the large influx of new FOIA cases following Pack's appointment.  *Id.* at 2.

Additionally, as Magistrate Judge Upadhyaya explained, Plaintiffs' decision to file suit only fifty-five days after making their FOIA request undercuts any inference that USAGM had decided not to respond to the request or had forgotten about it.  Of course, substantial delays in this context are relevant because, if left unexplained, they can lead to a reasonable inference that the agency would not have complied with its FOIA obligations but for pressure generated by the lawsuit.  *EPIC II*, 218 F. Supp. 3d at 41.  But not nearly enough time passed before Plaintiffs sued for the Court to draw such an inference.  *See, e.g.*, *Am. Wild Horse Campaign*, 2024 WL 3967256, at *1, *3 (refusing to find fee eligibility, even following an eight-month period of silence between a FOIA request and suit, since "[t]he mere fact of the delay is . . . consistent with the Bureau's" "extensive FOIA backlog").  And Plaintiffs have provided no other reason to believe that USAGM had effectively decided not to comply with its FOIA obligations.

Second, even if Plaintiffs had proven that USAGM's delay was unexplained, they still fail to show that USAGM accelerated its pace in response to this lawsuit.  Courts are reluctant to infer, based on timing alone, that an agency changed its position or accelerated its response due to a lawsuit unless one closely follows the other.  Thus, courts have held that production delays of more than a month following a suit's filing make it "seem[] more likely, in fact, that the documents would have been processed in the same manner, with the same result, regardless of whether litigation was filed."  *Am. Wild Horse Campaign*, 2024 WL 3967256, at *3 (quoting *Zynovieva*, 2023 WL 2755599, at *6); *WP Co. LLC*, 506 F. Supp. 3d at 17 ("If the agency had done nothing. . . despite Plaintiff's filing over a month earlier, . . . it is hard to see how the filing or prosecution of the suit could be said to have prompted a change in the agency's behavior.").  So too here, where USAGM did not produce records until *sixty-nine* days after Plaintiffs sued.  Plaintiffs point to nothing else that would permit the Court to conclude that USAGM changed its position by

accelerating its response because of this lawsuit.[4]

Plaintiffs cite several cases in courts have held that a plaintiff's lawsuit caused an agency to accelerate its production. But the time from suit to production in those cases was much shorter than here. For example, in *Dorsen v. United States Security and Exchange Commission*, the SEC produced documents the day after receiving the FOIA complaint, 15 F. Supp. 3d 112, 119 (D.D.C. 2014). And even in *EPIC I*, the agency provided documents about three-and-a-half weeks after a lawsuit was filed, 811 F. Supp. 2d at 232. Plaintiffs also point to *EPIC II*, but there, the agency conceded the point—that it had "'accelerated' the search for responsive records after [Plaintiffs] filed [their] Complaint." 218 F. Supp. 3d at 42.

In the end, Plaintiffs second argument "boils down to nothing more than timing," which does not meet their burden of showing that USAGM impermissibly dragged its feet before Plaintiffs filed suit and changed its response timeline based on the suit. *WP Co. LLC*, 506 F. Supp. 3d at 17. Thus, it does not show they are entitled to fees.

### C.     USAGM's Delayed Response to the Missing Email Attachments Does Not Establish That the Lawsuit Caused USAGM to Change its Position

Finally, Plaintiffs argue that the lawsuit caused USAGM to change its position because it first omitted nearly 5,000 pages from their production, "reversing course only after Plaintiffs' counsel specifically identified" the missing pages. ECF No. 47 at 16. But the record shows that this was an error on USAGM's part that it corrected, not a genuine change of position.

---

[4] If anything, USAGM's affidavit suggests otherwise. For example, after Plaintiffs discovered errors in USAGM's productions, USAGM represents that it could not rectify those errors for about five months since both the Agency's FOIA paralegal and attorney "could not dedicate any time to" Plaintiffs' request because of the "many other duties" that they "had to prioritize," including two other FOIA requests. *See* ECF No. 41-1 at 8. Thus, it does not appear that this suit caused USAGM to bump Plaintiffs' FOIA request up in line. *Cf. Nat'l Parks Conservation Ass'n v. U.S. Dep't of the Interior*, No. CV 20-3706 (RC), 2024 WL 1344450, at *25 (D.D.C. Mar. 29, 2024) (finding "sudden acceleration" where the agency, following the filing of suit, began to give the plaintiff's FOIA request undue priority).

Of course, an agency's decision to reverse course and release records it first decided to withhold can constitute "a voluntary or unilateral change in position by the agency" under 5 U.S.C. § 552(a)(4)(E)(ii)(II).  But to trigger eligibility for attorneys' fees, FOIA plaintiffs still must prove that their suits caused an actual *reversal* in position.  *Am. Immigr. Council v. U.S. Dep't of Homeland Sec.*, 82 F. Supp. 3d 396, 403–04 (D.D.C. 2015).  A plaintiff can do so by showing that an agency had definitively decided against disclosure and then, without explanation, changed that decision after a lawsuit was filed.  For example, when an agency asserts that no more responsive records exist but then conducts a new search and finds more after a plaintiff "expended significant time and energy spelling out the deficiencies in [the agency]'s search efforts," a court may conclude that the "lawsuit served as a necessary catalyst for the agency's release of . . . responsive material." *Id.*  Similarly, when an agency consistently maintains that certain documents are subject to a FOIA exemption but then elects to make a "discretionary release" only following the filing of a lawsuit, a court can infer that decision was "prompt[ed] by the initiation of the lawsuit. *Dorsen*, 15 F. Supp. 3d at 119–20.  Importantly, as discussed above, the courts in these cases did not rely on the mere fact that an agency made a disclosure after a lawsuit was filed.

Plaintiffs cannot point to anything similar here.  Most obviously, there is no evidence suggesting that USAGM ever affirmatively decided that it would not produce the email attachments. To the contrary, in its initial response to Plaintiffs' concerns that it had omitted the relevant attachments, USAGM asserted that it had "completed" Plaintiffs' request by "provid[ing] all potentially responsive records" but also acknowledged that "Plaintiffs ha[d] concerns that attachments to emails are not appearing in the production."  ECF No. 26 at 2.  And while USAGM similarly asserted that "responsive attachments should appear in the production," it also hedged, asking for Plaintiffs' help in identifying supposedly missing documents and promising that it "[was] looking

into this issue." *Id.* at 2–3.  Then, after the missing attachments were identified, USAGM fixed its error.  Thus, this is hardly a case in which "the threat of an adverse court order" explains the disclosure.  *Am. Immigr. Council,* 82 F. Supp. 3d at 403 (quoting *Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981)).

That conclusion is bolstered by USAGM's affidavit, in which it explains how the email attachments ended up excluded in the first place.  During the initial production period, USAGM's FOIA attorney departed, leading to a "changeover from the departing FOIA attorney to the Acting Deputy General Counsel [that] did not happen seamlessly."  ECF No. 41-1 at 7.  As a part of that transition, the new lawyer on the matter "did not realize that the voluminous documentation presented to [him] for final review did not contain the attachments." *Id.*  No doubt, USAGM could have handled its mistake better.  *Cf. Inst. for Energy Rsch. v. Fed. Energy Regul. Comm'n*, No. CV 22-3420 (BAH), 2024 WL 3327369, at *4 (D.D.C. May 22, 2024) ("[D]efendant made a mistake, discovered the mistake, then promptly corrected the mistake, without plaintiff's prompting.").  But there is no basis for the Court to conclude that USAGM's failure to include the responsive attachments was an affirmative agency decision rather than a mistake.

## IV.    Conclusion

For all the above reasons, the Court will overrule Plaintiffs' objection that they have established their eligibility for attorneys' fees under 5 U.S.C. § 552(a)(4)(E), adopt Magistrate Judge Upadhyaya's R&R in its entirety, and deny Plaintiffs' Motion for an Award of Attorneys' Fees Costs.  A separate order will issue.

/s/ Timothy J. Kelly_____
TIMOTHY J. KELLY
United States District Judge

Date: September 23, 2024

12